**In re Pearl M. TOPPING, Debtor.**

**Gregory K. CREWS, Plaintiff,**

v.

**Pearl M. TOPPING, Defendant.**

**Bankruptcy No. 87–400–BKC–3P7. Adv. No. 87–123.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 4, 1988.

Albert Mickler, Jacksonville, Fla., for defendant.

Kevin Sanders, Jacksonville, Fla., for plaintiff.

Gregory K. Crews, Jacksonville, Fla., Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the objection to ·discharge under 11 U.S.C. § 727(a)(2) and (4) filed by the trustee. A trial of this matter was held January 27, 1988, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 20, 1987.

2. On June 17, 1987, the Trustee filed a complaint objecting to defendant's discharge alleging that she was guilty of concealing property of the estate and of rendering a false oath in connection with her bankruptcy case.

Specifically, the complaint alleges that the defendant fraudulently transferred her ownership interest in a 1981 Buick Regal to her son, Hugh Bass, within one year prior to filing the petition. The trustee also claims that the defendant knowingly and fraudulently made false oaths or accounts concerning two separate items of property, to wit, a 1981 Buick Regal and a parcel of real property. Accordingly, the Trustee argues that the debtor should be denied a discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (4).

3. Question 12a on the Statement of Financial Affairs For Debtor Not Engaged In Business, Official Form No. 7, reads as follows:

Have you made any gifts, other than ordinary and usual presents to family members and charitable donations, during the year immediately preceding the filing of the original petition herein? (If so, give names and addresses of donees and dates, description, and value of gifts.)

The defendant answered this question in the negative.

4. On April 21, 1987, the defendant met with plaintiff in his capacity of trustee. Plaintiff, noting that her schedules did not list an automobile, asked her what she used for transportation. The defendant replied that she used her son's 1981 Buick. The plaintiff then asked her whether she had ever had any ownership interest in the ve-

hicle. The defendant stated that she did not.

5. The evidence presented at trial contradicts defendant's testimony as the back of the title certificate clearly indicates that she transferred her interest in the vehicle to her son as a "gift" on September 11, 1986. Similarly, the registration certificate appears to have been reissued in the name of Hugh Bass on January 20, 1987, and title transferred to a third party on that same date. The Trustee also presented evidence that defendant had recently paid certain repair bills on the vehicle.

6. Schedule B–1 of the Official Bankruptcy Forms requires a debtor to list

... all real property in which debtor has an interest [including equitable and future interests, interests in estates by the entirety, community property, life estates, leaseholds, and rights and powers exercisable for the debtor's own benefit.]

The Trustee alleges that defendant failed to list her ownership interest in the following described property on that Schedule:

Part of Lots Three (3), Four (4), Five (5), and Six (6), Block One (1), HARVEYS ADDITION TO JACKSONVILLE, Plat Book 3, page 4, current public records of Duval County, Florida, as more particularly described in Deed Book 1408, Page 101, of the Public Records of Duval County, Florida.

When asked about the omission, the defendant stated that she "never thinks about it [the property]," but she did admit to paying the ad valorem taxes on the property for a number of years.

7. The Trustee also introduced evidence of several other inconsistencies in the debtor's schedules: For example, the debtor was shown to be spending approximately $20.00 a month more than she is bringing in, although she claims to be on a fixed income. The debtor also testified that she has been losing approximately $20.00 a month for the past two years, yet she was unable to account for a total of $940.00 she had paid to date in attorney's fees. Finally, upon an audit ordered by the Trustee, it was discovered that the debtor had also materially under valued personal property listed on her schedules.

## CONCLUSIONS OF LAW

1. The granting or denial of a discharge to a debtor in a Chapter 7 case is governed by § 727 of the Bankruptcy Code. It provides that a debtor is entitled to a discharge unless the debtor is engaged in certain fraudulent or improper acts.

2. One such act is listed in § 727(a)(2)(A). It provides:

(a) The court shall grant the debtor a discharge unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

3. Similarly, § 727(a)(4) denies a discharge to any debtor who "... knowingly and fraudulently, in or in connection with the case ... made a false oath or account."

[1] 4. Denial of a discharge under § 727(a)(2) requires that the debtor has acted with the "... intent to hinder, delay, or defraud a creditor or an officer of the estate...." The intent must be an actual intent, however, a finding of actual intent may be based on circumstantial evidence or on inferences drawn from a course of conduct. *In re Devers*, 759 F.2d 751 (9th Cir.1985); *Farmers Co-op Association v. Strunk*, 671 F.2d 391 (10th Cir.1982).

5. Where assets of some substantial value are omitted from the schedules, the conclusion that they were omitted purposefully with the fraudulent intent to conceal the assets in question may be warranted. *In the Matter of Galbraith*, 17 B.R. 302, 305 (Bkrptcy.M.D.Fla.1982). Only where the non-disclosed assets were of little or no value will such fraudulent intent not be imputed. *Id.*

6. Here, the defendant failed to list in her bankruptcy schedules her inter-

est in the 1981 Buick. The Court finds this to be a material omission. Defendant maintains that she had no actual interest in the car, that the vehicle belonged instead to her son, and that title was placed in her name merely as a convenience. However, based upon the evidence presented and the candor of the witness at trial, there can be no doubt that the defendant intended to conceal the transfer of her interest in the vehicle to her son. The Court concludes, therefore, that defendant knowingly and fraudulently intended to conceal assets of the estate.

7. Secondly, the Court concludes that the plaintiff has met his burden of proving an intent to defeat the interests of creditors with regards to the non-disclosure of the real estate in the bankruptcy schedules. Defendant knew she had an interest in real estate as was evidenced by her payment of ad valorem taxes on the property.

8. Finally, the trustee testified that defendant has on numerous occasions given false and misleading information relating to this bankruptcy case. The Court finds his testimony to be credible and will conclude that defendant knowingly and fraudulently, in or in connection with the case, made a false oath or account. Under § 727(a)(4), such a finding is alone sufficient to deny the defendant a discharge.

9. Throughout the course of this case, defendant has engaged in conduct which is inconsistent with fair and honest disclosure and has forfeited her right to receive a discharge. The trustee has had to go to great lengths to uncover assets and transactions which the debtor failed to disclose. Accordingly, defendant's discharge will be denied pursuant to 11 U.S.C. § 727(a)(2) and (4).

The Court will enter a separate Final Judgment in accordance with these findings.