**In re Jim JUST, Debtor.**

**FIRST FLORIDA BANK, N.A., Plaintiff,**

v.

**Jim JUST, a/k/a James P. Just, Defendant.**

**Bankruptcy No. 87–712–8P7. Adv. No. 87–176.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 27, 1989.

John Mueller, Tampa, Fla., for plaintiff.

William Borja, Clearwater, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case, and the matter under consideration involves a challenge to the Debtor's right to a general bankruptcy discharge. The Amended Complaint is filed by First Florida Bank, N.A. (Plaintiff), and sounds in five counts. The claims in Counts I and II of the Amended Complaint seek to determine the dischargeability vel non of a debt allegedly due and owing from the Debtor to the Plaintiff pursuant to § 523(a)(2)(A) and (a)(2)(B). The claim in Count III is based upon § 727(a)(2)(A) of the Bankruptcy Code, and seeks the entry of an Order denying the Debtor's right to a general discharge. The Debtor's right to a discharge is also challenged in Counts IV and V of the Amended Complaint pursuant to § 727(a)(4) of the Bankruptcy Code.

On March 21, 1988, an Order was entered denying the Plaintiff's Motion for Partial Summary Judgment as to Count V, but limiting any evidence to be presented on Count V at the final evidentiary hearing to that bearing on the Debtor's scienter. On June 7, 1988, an Order was entered bifurcating the final evidentiary hearing such that the claims in Counts IV and V relating to the Debtor's general discharge would be tried initially and the trial on the claims set forth in Counts I, II and III would be deferred pending resolution of the threshold issue presented by Counts IV and V, which is whether or not this Debtor is entitled to the protection of the general bankruptcy discharge. It is the contention of the Plaintiff that the Debtor made a false oath in connection with this case, and that, therefore, his general bankruptcy discharge should be denied pursuant to 727(a)(4) of the Bankruptcy Code.

At the duly scheduled final evidentiary hearing, the following facts have been established which are relevant and germane to the issues under consideration.

Prior to February 11, 1987, the date of the filing of his voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code, the Debtor concedes that he was the record owner of the following assets:

½ interest in two condominiums

3,000 shares of stock in Zyla Pharmaceutical, Inc.

500 shares of stock in FiberTech, Inc.

700,000 shares of stock in Deal Direct, Inc.

500 shares of stock in Just Management Services, Inc.

It is also without dispute that the Debtor did not include any of the above-listed assets on his Statement of Financial Affairs and Schedules filed in connection with his Petition for Relief. The Debtor did not disclose in his schedules that he had transferred 500 shares of stock in Jim Just Management, Inc., to his wife and daughter, a fact which he later admitted when examined at the meeting of creditors, but which transfer he said took place in 1985. Subsequently, the Debtor produced the stock certificates for Just Management Services, Inc., at a Bankruptcy Rule 2004 examination, which bore in the Debtor's handwriting that the shares of stock were transferred to his wife on October 10, 1981. It further appears that on July 23, 1987, an order was entered granting the Plaintiff's

Motion to have the stock certificates tested for authenticity and to determine when the Debtor's handwritten inscription on the certificates were made. At the continued 2004 examination held on the same day, the Debtor admitted that the inscription on the stock certificate had been backdated and that the stock had not been transferred to his wife until after the Debtor filed his Petition for Relief. (Plaintiff's Exh. No. 13). It is the Debtor's contention that his failure to disclose the assets in Just Management Services, Inc., was simple inadvertence and was not willful. In addition, the Debtor testified that at the first Rule 2004 examination, he "misspoke" when he indicated that he had transferred those shares of stock to his wife in 1985. Thus, it is the Debtor's contention that the Plaintiff did not show with the requisite degree of proof that the Debtor willfully intended to defraud anyone.

Section 727 of the Bankruptcy Code provides in pertinent part as follows:

Pursuant to § 727(a)(4)(A) a Debtor is to be denied a discharge if:

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account; ...

Under § 727 of the Bankruptcy Code, the burden is on the objecting party to prove that a debtor should be denied a discharge by way of clear and convincing evidence. Bankruptcy Rule 4005, *In re Bernstein*, 78 B.R. 619 (S.D.Fla.1987).

Even without considering the failure of the Debtor to list other substantial and significant assets on his schedules which he now admits he owned as of the date of filing his Petition, this Court is satisfied that the Debtor knowingly and willfully made a false oath in connection with his case and, therefore, pursuant to § 727(a)(4), his discharge should be denied. The purpose of § 727(a)(4)(A) of the Code is to provide the trustee and creditors with reliable information. *In re Cutignola*, 87 B.R. 702 (Bkrtcy.M.D.Fla.1988). Discharge may not be denied where the untruth was the result of mistake or inadvertence. *Id.* Rather the false oath must be made intentionally with regard to a matter material to the case, or in a manner evidencing a reckless and cavalier disregard for the truth. *In re MacDonald*, 50 B.R. 255 (Bkrtcy.D.Mass.1985). The false oath may be made by the debtor at examination during the course of the case including, inter alia, statements made at a meeting of creditors. *In re Braidis*, 27 B.R. 470, 472 (Bkrtcy.E.D.Pa.1983). Further, the United States Court of Appeals for the Eleventh Circuit has held that it makes no difference that the Debtor does not intend to injure his creditors when he makes a false statement.

In the present instance when the Debtor signed his Statement of Financial Affairs, he swore that all answers to questions set forth in the Statement were true. At the final evidentiary hearing, the Debtor admitted that he owned various shares of stocks and an interest in real estate which he failed to disclose. The Debtor's explanation for his omission is totally unconvincing to show that his omission was unintentional. His admission that he owned shares in Just Management Services, Inc., on the date he filed his Petition coupled with his admission at the 2004 examination that he backdated stock certificates so as to reflect that the subject shares were transferred to his wife in 1985 is sufficient to show a false oath with, at a minimum, a reckless disregard for the truth. Based on the foregoing, this Court is satisfied that the Debtor's discharge should be denied pursuant to § 727(a)(4)(A) of the Bankruptcy Code.

A separate Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.