**In re Ray E. BOSTON, Debtor.**

**Gregory CREWS, Trustee, Plaintiff,**

v.

**Ray E. BOSTON, Defendant.**

No. 90–1047–BKC–3P7.

ADV. No. 91–07.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 30, 1992.

**250**

Anne Payne, Bergwerk & Payne, Jacksonville, Fla., for plaintiff.

Lance Paul Cohen, Cohen & Thurston, P.A., Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint filed by Gregory Crews, Trustee, seeking a denial of defendant's discharge pursuant to 11 U.S.C. § 727(a)(2), (3), (4) and (5). A trial of this adversary proceeding was held January 16, 1992, continued to February 15, 1992, and concluded on March 7, 1992. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

Defendant operated a printing shop in Jacksonville, Florida, as a sole proprietor under the name of Anchor Printing. On March 23, 1990, defendant filed a petition for relief under chapter 11. He continued to operate the business until the case was converted to chapter 7 on October 17, 1990.

On his schedules defendant listed as assets, among other things, only three guns—a rifle, a shotgun, and a pistol. He did not list a gun safe or any real property.

Between November, 1988, and April, 1989, defendant purchased twelve guns from Al Keifer, a gun dealer in Dade City, Florida. The guns ranged in price from $189.50 to $700.00. Defendant completed the federal disclosure forms for each of the guns, identifying himself as the buyer and identifying each of the guns by serial number. Mr. Keifer testified that it was his impression that defendant bought most of the guns for himself.

Less than one year prior to filing the bankruptcy case, defendant had in his possession at his home in Interlachen, Florida, a large gun safe, which contained a cache of guns, including rifles, shotguns, and pistols.

Mike Braddock, a hardware dealer, testified that he sold defendant a $1,200.00 gun safe and that he saw such safe in August, 1990, at defendant's mother-in-law's home, where defendant and his wife were residing at the time. At that time the safe contained a Browning .380, a Colt .45, a Sako .270, a Browning .270 A–Bolt, and A.K. .47, a Beretta shotgun, a reconditioned Browning Skeet gun and a Camron, as well as four or five other guns, all of which defendant represented belonged to him.

Various witnesses placed guns not on defendant's schedules in his possession at his home in Interlachen and after he relocated to his mother-in-law's house in Fernandina Beach. In each instance, defendant identified the guns as his.

Defendant sold a gun safe to Curtis Deming. Mr. Deming did not know whether the safe he bought was the one owned by defendant or whether it was one that defendant purchased for Mr. Deming. The evidence indicates that Mr. Deming's safe is smaller than the one defendant purchased from Mike Braddock and placed in his mother-in-law's home.

Defendant contends that the guns he purchased from Mr. Keifer were purchased for friends and that he never actually owned the weapons. He testified that he would drive to Dade City, purchase a gun, then drive back and deliver the gun that

night or the next day, at which time the true owner would repay him. Several witnesses testified that defendant had purchased guns for them, but none of them provided specific serial numbers, despite the fact that they claimed to still own such guns.

Defendant also claims that the safe he sold Mr. Deming was the safe he purchased from Mike Braddock and that the safe at his mother-in-law's home was purchased by and belongs to his wife, Janis Boston. In addition, defendant also contends that many of the guns in the safe and observed by various persons belong to his wife and mother-in-law, who inherited them from her husband.

Defendant failed to list a parcel of Putnam County realty on his schedules. Plaintiff discovered the realty during a record search. Defendant indicated to plaintiff that he understood that the property had been abandoned to the mortgage holder over one year before the bankruptcy filing. At the time the petition was filed, the property was in foreclosure and there was no equity in it for the benefit of the estate.

Howard Cummings testified that he saw jet skis, a ski boat, an off-the-road vehicle, and a Rolex watch in defendant's possession during 1989. Defendant and his wife testified that all of the items, except the watch, had been purchased by the wife from her separate funds and using her credit. With respect to the Rolex watch, defendant testified that he had pawned it more than a year before the bankruptcy in order to meet payroll. He produced a pawn ticket to substantiate his testimony.

## CONCLUSIONS OF LAW

Plaintiff claims that defendant should be denied a discharge pursuant to §§ 727(a)(2) and (4). These sections provide:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

(B) property of the estate, after the date of the filing of the petition;

\*     \*     \*     \*     \*     \*

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account....

■ The United States Supreme Court has determined that the preponderance of evidence standard applies in exception to discharge claims under § 523. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Although the Court did not specifically address the appropriate standard for objections to discharge made under § 727, it did indicate that the preponderance standard should be used in civil matters, unless there is an extremely strong policy dictating the use of another standard.

The Court in *In re Hall*, 126 B.R. 117 (Bankr.M.D.Fla.1991), addressed the standard to be used when a party seeks to have a debtor's discharge denied under § 727(b) based on a fraudulent transfer of assets. The Court stated that "... since the claim involved in *Garner* was based on fraud and the claim asserted here is also based on fraud, the standard should be the same, and the preponderance standard is sufficient to establish a claim under § 727(b)." *Id.* at 119–20. The allegations in the case at bar involve fraudulent conduct and, consequently, the preponderance standard applies.

■ While the plaintiff has the ultimate burden of proof, once he has brought forth sufficient evidence to show the basis for the objection, the burden of going forward shifts to the defendant and he must explain his actions. *In re Chalik*, 748 F.2d 616, 619 (11th Cir.1984). *See* Federal Rule of Bankruptcy Procedure 4005.

Plaintiff set forth evidence indicating that defendant purchased at least twelve guns within the two years preceding the bankruptcy and continued in possession of a large gun safe, none of which were listed on his schedules. Such evidence is sufficient to shift the burden of going forward to the defendant.

Defendant testified that the guns were purchased for friends and that he never owned the weapons. He completed federal disclosure forms for twelve guns, however only three were scheduled. Defendant failed to adequately account for each of the unscheduled guns. The rebuttal evidence was not supported by serial numbers and was frequently vague.

In addition, defendant contends that the safe currently at his mother-in-law's home is owned by his wife. He asserts that the safe purchased from Mike Braddock was subsequently sold to Curtis Deming and therefore was not listed on his schedules.

The Eleventh Circuit has stated that "To be satisfactory, 'an explanation' must convince the judge." Having had an opportunity to observe the demeanor of the witnesses, hear testimony, and review the documentary evidence, the undersigned is not convinced. The weight of the evidence supports the plaintiff's contention that defendant purchased a number of guns from Mr. Keifer which were not scheduled and that the safe in Fernandina Beach is the same safe that defendant had in his home in Interlachen.

Accordingly, the Court finds that the defendant omitted a gun safe and at least some of the guns he purchased from his schedules. The omissions were intentional rather than inadvertent or innocent. Although the omitted items would not have greatly increased the distribution to the creditors, the omission is sufficient to deprive defendant of his discharge. *Swicegood v. Ginn*, 924 F.2d 230 (11th Cir.1991). The guns and the safe were not of trivial value and were material to the case. Truthful information is essential to the administration of the case; the trustee and creditors are entitled to nothing less.

Having found that the omission of the guns and safe from defendant's schedules constitutes a false oath sufficient to deny defendant his discharge, the other allegations set forth by the plaintiff need not be addressed.

A separate judgment denying defendant his discharge will be entered.

### JUDGMENT

Upon the Findings of Facts and Conclusions of Law separately entered, it is

ORDERED:

1. The objection to discharge filed by plaintiff, Gregory Crews, Trustee, against defendant, Ray E. Boston, pursuant to 11 U.S.C. § 727(a)(4) is sustained.

2. A discharge will not be awarded to the defendant.

3. The Clerk will notify the creditors of the denial of discharge.