**In re Ronald H. PEACOCK, Debtor.**

**Charles W. GRANT, Trustee for the estate of Ronald H. Peacock, and Melody Genson, Trustee for the estate of First Florida Capital Group, Inc., Plaintiffs,**

**v.**

**Ronald H. PEACOCK, Defendant.**

**Bankruptcy No. 92–0139–BKC–3P7. Adv. No. 92–1262.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 19, 1993.

Robert Altman, Palatka, FL, for plaintiffs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court on the objection to discharge of Charles W. Grant, Trustee for the estate of Ronald H. Peacock and Melody Genson, Trustee for the estate of First Florida Capital Group pursuant to 11 U.S.C. 727(a)(2) and (4). A trial was held on April 6, 1993, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Defendant is an attorney and is admitted to the Bar of the Middle District of Florida. He has filed numerous bankruptcy cases in this court on behalf of clients. On January 10, 1992, defendant filed a petition on his own behalf for chapter 7 relief.

On November 2, 1989, defendant bought a farm in Lake City from Elizabeth Crook. The grantee is Ronald H. Peacock, Trustee, but no beneficiaries of a trust are named. A corrective deed and affidavit dated April 5, 1993, listed defendant's three children as the beneficiaries of the trust. Neither the original quitclaim deed nor the corrective deed were recorded. The mortgage on the property is held by Rudolph and Juanita Herrington, previous owners of the property. The Herringtons filed for relief under chapter 13 of the Bankruptcy Code and

included a $48,000.00 debt from defendant in their schedules. Defendant testified that his mother usually paid the mortgage payments and the taxes on this property. Defendant applied for and received a $25,000.00 state homestead tax exemption for this property in 1990, 1991, 1992 and 1993.

He failed to list this property in Schedule A of his schedules.

Defendant disclosed no accounts receivables in Schedule B item 15 Accounts Receivable. However, it is undisputed that defendant was entitled to a share of a contingency fee for a recovery in a $5.9 million wrongful death judgment. Defendant assigned his interest in this fee to the extent of $19,347.92 to his ex-wife in payment of child support arrearage.

Defendant also received from D.E. Thomas 16 checks written on January 7, 1992, and January 10, 1992, totaling $1330.15 for providing legal services. Defendant states in his Statement of Financial Affairs that his 1992 income totaled $500.00. Defendant testified that the $1330.15 payment received was twice as large as his usual weekly income in 1992, that he immediately spent the money and thus did not possess the $1330.15 when he filed his schedules.

Defendant answered "none" in Schedule B item 24, which requires reporting any interest owned in Boats, Motors and Accessories. The Florida Department of Natural Resources, Bureau of Vessel Titling and Registration, however, shows defendant as record owner of a 24–foot homemade vessel free of any lien.

Defendant failed to list the Internal Revenue Service as a creditor in his schedules, although a lien was filed against defendant on April 5, 1991, for $77,012.82.

### Conclusions of Law

Under § 727 of the Bankruptcy Code a defendant is entitled to a discharge unless the defendant has acted improperly or fraudulently. Section 727(a)(2) and (4) states in pertinent part:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred removed, destroyed, mutilated, or concealed ...

(A) property of the debtor, within one year before the date of filing the petition;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account.

### § 727(a)(2)(A)

■ Plaintiffs have alleged that defendant concealed or transferred assets of the estate and so his discharge should be denied pursuant to 727(a)(2)(A). The party objecting to discharge has the burden of proving by a preponderance of the evidence that a debtor should not receive this entitlement. *In re Boston*, 141 B.R. 249 (Bankr. M.D.Fla.1992). To prevail plaintiff must present evidence showing defendant's actual intent to "hinder, delay, or defraud a creditor or an officer of the estate...." *In re Topping*, 84 B.R. 840 (Bankr. M.D.Fla.1988).

■ Actual intent may be gleaned from all the surrounding circumstances of a case or from inferences drawn from a course of conduct. *Id.* Here, the totality of the circumstances including defendant's course of conduct clearly show he had actual intent to conceal assets from plaintiffs and the creditors.

■ Although defendant received a $25,000.00 state homestead tax exemption on the Lake City property in 1990, 1991, 1992 and 1993, and procured a corrective deed naming his daughters as beneficiaries of the land trust one day before the trial, defendant maintains that he holds no interest in the Lake City property. Defendant claims that his mother is the current trustee of the property. However, defendant did not produce any evidence of a conveyance transferring the property to his mother. Defendant's course of conduct and lack of proof are inconsistent with his deni-

al of ownership. The defendant's inability to explain his activities convinces the Court that he had an interest in the Lake City farm property at the time he filed his chapter 7 petition.

█ Pursuant to § 541 of the Bankruptcy Code, all interests in property held by the debtor at the time of filing his petition become part of the estate. Section 541 states in pertinent part:

(a) Such estate is comprised of all the following property, wherever located and by whomever held:

(1) all legal or equitable interests of the debtor in property as of the commencement of the case.

As an attorney who practices in this court, Defendant was aware of his responsibility to disclose all of his interests in property including any interest as trustee for his daughters. Defendant signed the declaration under penalty of perjury stating that all information contained in the schedules and statement of financial affairs was true. However, defendant did not list the Lake City property in his schedules. The Court finds that the omission of the real estate was not due to inadvertence but was a deliberate omission.

█ Plaintiff also alleges that defendant owns a 24–foot homemade boat that he failed to disclose in his schedules. Defendant testified that he sold the boat in 1987 to Barry Batchem of Riveria Marina in Punta Gorda, Florida, and that Mike Garcia of Southwest Florida Bank in Port Charlotte, Florida, closed the sale. Defendant stated in an affidavit filed with this Court that he had contacted Batchem and Garcia to procure documentation of the sale. Defendant failed to produce either of these individuals or any documentary evidence of the sale at trial.

Defendant had a responsibility to provide an explanation in regard to the boat's ownership because plaintiff introduced evidence that the Florida Department of Natural Resources, Bureau of Vessel Titling and Registration, showed defendant as the record owner of a 24–foot homemade boat. *In re Boston*, 141 B.R. 249 (Bankr.M.D.Fla. 1992). Defendant's testimony that he did not understand why he was still on record as the owner of the boat was insufficient to rebut plaintiff's proof. The Court finds that Defendant was the owner of the boat and that he knowingly failed to list this asset on Schedule B of his schedules.

█ Plaintiff next challenges defendant's declaration in Schedule B that he was not owed any money in the form of Accounts Receivables. When questioned at a Federal Bankruptcy Rule 2004 examination about any money he had received or was entitled to receive, defendant stated that he had received from time to time over the previous six months some payment from a wrongful death verdict and that he felt he would receive some further payment from that case. Defendant also stated that the verdict was for $5.9 million and that he had failed to report the money due him from this judgment because he had forgotten about it. This is not credible. The Court does not believe that an attorney on the prevailing side of a $5.9 million judgment would simply forget the judgment.

Defendant also failed to list the Internal Revenue Service as a creditor in his schedules even though it had a lien for $77,-012.82 filed in April, 1991.

█ Further, defendant reported $500.00 in income for 1992 in his Statement of Financial Affairs. Plaintiff entered into evidence $1330.15 worth of checks written by D.E. Thomas to defendant on January 7 and 10, 1992, for legal services rendered. Defendant states that he spent this money in ordinary course prior to his seeking bankruptcy protection on January 10, 1992. Defendant's failure to change his financial statement to reflect these checks shows at least reckless disregard for the truth and is sufficient to prove actual intent. *In re Just*, 97 B.R. 98 (Bankr.M.D.Fla.1989).

In sum, the Court finds that defendant's continuing failure to amend his schedules to disclose his income, his interest in the Lake City property, the boat, and the fee from the wrongful death judgment amount to concealing assets. *In re Kindorf*, 105 B.R. 685 (Bankr.M.D.Fla.1989). The Court

is satisfied that the omissions were deliberate and that defendant had actual intent to conceal these items from the creditors of the estate.

### § 727(a)(4)

 Plaintiff contends further that defendant should be denied his discharge for making a false oath or account. To prevail under § 727(a)(4) plaintiff must show that the false oath was fraudulent and material. *Swicegood v. Ginn,* 924 F.2d 230 (11th Cir.1991). This Court has already determined that defendant deliberately omitted assets on his schedules. Thus, plaintiff only needs to show that the subject matter of the alleged false oath is material to the case.

The Eleventh Circuit discussed materiality in *In re Chalik,* 748 F.2d 616 (11th Cir.1984). In *Chalik,* the Court held that a false oath regarding worthless assets is nevertheless a material omission and will bar discharge. All that is required is that the subject matter "bears a relationship to the bankrupt's business transactions or estate...." *Id.*

Clearly, Defendant's right to receive a portion of a $5.9 million judgment and other income from legal services bears a relationship to his business transactions. Just as clearly, concealing ownership of a boat and real property bears a relationship to the estate.

This Court finds that the defendant made a false oath in failing to fully disclose assets, liabilities and income and that the defendant had actual intent to conceal this information. The Court also finds that the omissions were material. Accordingly, defendant has forfeited his right to receive a discharge pursuant to § 727(a)(2) and (4).

A separate order will be entered in accordance with these findings of fact and conclusions of law denying the defendant's discharge.