In re INTERSTATE STEEL
SETTERS, INC., Debtor.

INTERSTATE STEEL SETTERS,
INC., Plaintiff,

v.

A.J. MAGGIO COMPANY, Inryco, Inc.,
and American National Bank and Trust
Company of Chicago, as Trustee u/t/a
dated February 14, 1978 and known as
Trust No. 42194, Defendants.

INTERSTATE STEEL SETTERS,
INC., Plaintiff,

v.

CRANE CONSTRUCTION CO., INC., In-
ryco, Inc., and American National
Bank and Trust Company of Chicago,
as Trustee u/t/a dated March 3, 1978
and known as Trust No. 42275, Defend-
ants.

Bankruptcy No. 81 B 1806.
Adv. Nos. 82 A 2308, 82 A 2309.

United States Bankruptcy Court,
N.D. Illinois, E.D.

As Corrected and Reissued Oct. 9, 1986.

Philip S. Aimen, Chicago, Ill., for plain-
tiff/debtor.

Leonard S. Shifflett, Cynthia A. Berg-
mann, Wilson & McIlvaine, Chicago, Ill.,
for defendants.

MEMORANDUM ON CROSS MOTIONS
TO ASSESS SANCTIONS AGAINST
RESPECTIVE COUNSEL FOR
PLAINTIFF AND DEFENDANTS
AND ORDER GRANTING BOTH MO-
TIONS UNDER 28 U.S.C. § 1927

JACK B. SCHMETTERER, Bankruptcy
Judge.

In this case, Debtor sued several parties
for the balance due under a construction
subcontract. There was a hard fought is-

sue as to whether Plaintiff had properly performed or performance had been waived or the contract modified or whether Defendant was estopped to deny performance.

The attorneys battled vigorously and often bitterly throughout the long period of trial preparation. Their vigorous work and bitterness continued into the trial. They harassed each other. The Court was required repeatedly to admonish and warn them about their conduct toward each other, and cautioned them that sanctions would be entertained against them individually under 28 U.S.C. § 1927 if they continued.

They strove at each step to achieve the tactical edge. To prevent their opponent from learning of their trial theory, they each even held back the legal authority relied on and their respective legal theories until the very hour that final argument began. The latter tactic violated the final pretrial order.

The Court was of course given a more difficult task by reason of such tactics.

Because the consolidated cases were each four years old, the Court pressed counsel to trial on the dates set months earlier despite the foregoing delay in complying with pretrial order. The trial was concluded. The Court has this day entered Recommended Findings of Fact and Conclusions of Law for the District Court, since for the merits of the case this Court only has related jurisdiction.

There remain cross motions filed by each side against counsel for the other for sanctions under Title 28 U.S.C. § 1927 by reason of conduct of counsel in certain events that occurred during the trial. This Court has core jurisdiction to consider and impose sanctions under Title 28 U.S.C. § 1927 for trial related conduct of counsel. *See* 28 U.S.C. § 157(b)(2)(0), 11 U.S.C. § 105, *In re TCI Ltd.,* 769 F.2d 441, 448 (7th Cir.1985), and General Order of Reference (July 10, 1984) of the District Court for the Northern District of Illinois to the Bankruptcy Court.

For the reasons stated below, both cross motions are granted. Separate judgment orders are entered this date in favor of each respective party and against its respective opponent's individual attorney.

### Motion of Plaintiff Interstate Against Defense Counsel Shifflett

The following facts are found from the Court's personal observation during trial and from the Court file and record of proceedings:

1. On January 14, 1986, pursuant to earlier court order for production and Plaintiff's Second Request for Production of Documents from Defendant Crane Construction Company ("Crane"), Defendants' attorney Leonard S. Shifflett produced the requested documents of Crane at the office of the Plaintiff's attorney for inspection and photocopying. Plaintiff's trial exhibits, PX–4, PGX–5 and PX–7, were the copies made that day by Plaintiff's counsel Mr. Aimen from the original documents of Crane so produced and copied.

2. Mr. Shifflett objected at trial to the authenticity and genuineness of Plaintiff's exhibits, PX–4, PGX–5 and PX–7. Defendants' objections to the authenticity and genuineness of those documents at trial were then unreasonable and vexatious, and were motivated by Leonard S. Shifflett's vexatiousness, obduracy and bad faith. He knew that said exhibits were authentic and genuine and were prepared and maintained by Crane in the ordinary course of Crane's business because he (Mr. Shifflett) had personally furnished the originals of those very documents to Plaintiff's attorney for inspection and photocopying pursuant to the aforesaid request for production of Crane documents and prior court order for production of those documents. Indeed, he held the originals of those documents in his office and produced them at trial after the copies (PX–4, PGX–5, PX–7) were admitted. However, until those exhibits were admitted he misrepresented to the Court that he did not know whether or not the documents were authentic and therefore resisted their admission.

3. By reason of Mr. Shifflett's objections as aforesaid, Plaintiff was required to subpoena the President of Crane Construction Company to appear as a witness at trial on August 25, 1986, for the sole purpose of taking his testimony as to the authenticity and genuineness of Plaintiff's exhibits, PX–4, PGX–5 and PX–7. To lay the necessary foundation, Plaintiff's counsel was also required to take the stand to recount the circumstances of his obtaining the copies of exhibits. All of that testimony multiplied the proceedings and delayed the trial.

4. The multiplication of proceedings and trial delay were further compounded and aggravated by Mr. Shifflett when he filed a motion to quash said subpoena, and by his failure to tell his client the President of Crane of the necessity to appear in Court pursuant to said subpoena until after the Court denied that motion to quash. The Court then was required to order Mr. Shifflett to telephone the Crane President and inform him that the Court ordered that he appear forthwith that day to testify. The person did not appear in court until about 4:00 P.M. on August 25, 1986. At that time his testimony was finally taken in which he gave support for the authenticity and genuineness of Plaintiff's exhibits, PX–4, PGX–5 and PX–7. Those exhibits were admitted into evidence after Plaintiff's counsel testified to their origin. An otherwise necessary four hours was required in open court to prove the authenticity and genuineness of Plaintiff's exhibits, PX–4, PGX–5 and PX–7.

5. Plaintiff's attorney said he expended the sum of $188.40 to serve the subpoena upon Crane's President and to pay to him a statutory witness fee and mileage charge, and those expenses are found to have been both necessary and reasonable. Plaintiff's attorney claimed that he expended about two hours in making the necessary arrangements to serve the subpoena upon Crane's President. The Court finds that one hour should have sufficed therefore.

6. The Court further finds that during the trial Mr. Shifflett at all times mentioned above possessed in his office the originals of documents in question that he had produced to Plaintiff's counsel during discovery; that he had obtained those documents from his client Crane and knew they were authentic; that after the copies made by his opponent were authenticated and admitted, he then produced the originals in open court. At all times he knew the Plaintiff's exhibits were authentic but required the subpoena of his client and a long and cumbersome prove up of authentication despite that knowledge. Therefore his objection to authentication and foundation were unreasonable and vexatious, and multiplied the trial preparation and trial proceeding itself by four hours of otherwise unnecessary trial time and required Plaintiff's counsel to expend an additional hour of office time and incur expenses otherwise unnecessary.

7. Plaintiff's trial counsel is seasoned and experienced. While he filed no affidavit as to billing rates his time is worth $125/hour; and therefore the total of five hours required of him as aforesaid as a result of Mr. Shifflett's conduct had a reasonable time value of $625.00. Adding to that the $188.40 related to service of subpoena, the total sanction to be awarded will be $813.40.

8. Mr. Shifflett's argument is that Plaintiff should have served a timely Notice to Admit authenticity of the documents, to obviate the dispute of which he had given earlier notice. But failure of one's opponent to use an efficient pretrial device does not justify playing the type of game played by Mr. Shifflett here. Nor does it justify the extra trial time that resulted. This Judge must adjudicate the disputes that arise in over 5,200 cases assigned, a load similar to that of most of the other Bankruptcy Judges in this District. It is an imposition on the Court as well as the parties to require litigation over such phony issues as that forced on the Court and parties by Mr. Shifflett.

*Motion of Defendant against Plaintiff's Counsel Aimen*

The following facts are alleged and from this Court's observation and the Court file are found to be true:

1. On June 12, 1986, this Court entered a pretrial order requiring both parties to exchange and file with the Court lists of exhibits and witnesses on or before August 4, 1986. On August 4, 1986, Defendant filed its list of witnesses and exhibits with the Court. Mr. Aimen did not exchange his list of witnesses and exhibits until August 15, 1986, the eve of trial.

2. As a result of Mr. Aimen's failure to comply with the Court's order, the attorneys for the Defendant and this Court were forced to expend more than an hour at the outset of this trial reviewing the Plaintiffs exhibits and the defense objections thereto. Mr. Aimen knew or should have known that his delay in compliance with the Court's pretrial order would thereby prolong the trial of this matter.

3. On August 19, 1986, counsel for Defendant offered the deposition of Andrew Basile as Defense Exhibit No. 34 in evidence. At that time, this Court issued an order from the bench, requiring Defense counsel to mark those portions of the depositions which he wished to offer into evidence and the Plaintiff's counsel to mark his objections and those portions of the deposition which he wished to offer into evidence.

4. On August 20, 1986, Defendant complied with the court's order by handing a copy of the marked deposition to Mr. Aimen.

5. On August 25, 1986, Defendant again sought to introduce the deposition of Andrew Basile into evidence. At that time, Mr. Aimen first responded that he had no objection and no wish to mark any portions. He then informed the Defendant and the Court that he had not yet reviewed Mr. Basile's deposition or marked those portions which he intended to offer or object to and wished more time to do so. In the interests of deciding this case on the merits, the Court permitted him time to do so. The trial was extended an hour thereby.

6. As a result of Mr. Aimen's unreasonable failure to comply with the Court's order, the trial of this cause was thereby prolonged an additional hour while Mr. Aimen reviewed the deposition and this Court reviewed and ruled upon the admissibility of testimony contained within the exhibit. Mr. Aimen knew or should have known that his actions in ignoring this Court's order would unreasonably delay the trial.

7. Mr. Aimen's response is that several delays in trial were caused by his opponent's conduct. In this he is correct. He further argues that he caused no delays. In this he is in error.

8. Defendant's trial counsel is seasoned and experienced. While he filed no affidavit as to billings rates, his time is worth $125/hour. Therefore the total of two hours required of him as aforesaid as a result of Mr. Aimen's conduct and omission had a reasonable time value of $250.00, which will be the total sanction awarded.

## DISCUSSION

Section 1927 of the United States Judicial Code imposes sanctions, including attorneys' fees, upon counsel who unreasonably and vexatiously multiply proceedings in a case. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

29 U.S.C. § 1927.

The Court of Appeals for the Seventh Circuit has held that the standard for determining when sanctions are appropriate under Section 1927 is whether the attorney's conduct unjustifiably delayed the case. *See Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789, 794 (7th Cir.1983); *Maneikis v. Jordan*, 678 F.2d 720, 722–23 (7th Cir.) (per curiam), *cert. denied*, 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982); *see also* H.R. Conf. Rep. No. 96–1234, 96th Cong., 2d Sess., *reprinted in* 1980 U.S.Code Cong. & Ad. News 2716, 2781, 2782 (amendment to Sec-

tion 1927 allowing courts to sanction attorneys who engage in dilatory litigation tactics with opponent's attorneys fees was designed "to deter unnecessary delays in litigation").

■ Unjustified delay is present when an attorney files a patently frivolous pleading. *See Van Berkel v. Fox Farm and Road Machinery,* 581 F.Supp. 1248 (D.Minn.1984); *Wilmot H. Simonson Co. v. Green Textile Associates, Inc.,* 554 F.Supp. 1229, 1235 (N.D.Ill.1983); *North American Foreign Trading Corp. v. Zale Corp.,* 83 F.R.D. 293, 295–97 (S.D.N.Y. 1979); *cf.* Illinois Code of Professional Responsibility, Ill.Rev.Stat. ch. 110A Foll. ¶ 773, Rule 7–102(a)(2) and (5) (1983) (a lawyer shall not assert a position if it cannot be supported by a good faith argument for extension, modification, or reversal of existing law or knowingly make a false statement of fact). Before asserting a claim or defense, an attorney is required to research the legal and factual issues involved and determine that they have merit. *See McCandless v. The Great Atlantic and Pacific Tea Company,* 697 F.2d 198, 199–200 (7th Cir.1983). The same rationale is logically applicable to frivolous trial contentions made orally as it is to pleadings filed in writing, except of course that Rule 11 F.R.Civ.P. will not apply to oral contentions.

In *In re TCI Ltd.,* 769 F.2d 441 (7th Cir.1985), objective bad faith of counsel was found sufficient to warrant imposition of fees against counsel under 28 U.S.C. § 1927 and Rule 11 F.R.Civ.P. (Bankr.Rule 9011). Such *objective* "bad faith" exists when a lawyer fails to limit litigation

"... to contentions well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or renewal of existing law." F.R. Civ.P.

■ The Court also described *subjective* bad faith as follows:

"A lawyer who pursues a plausible claim because of the costs the suit will impose on the other side instead of the potential

recovery on the claim, is engaged in abuse of process." *TCI, Id.* at 445.

To demonstrate subjective bad faith, there must be clearly demonstrated that the attorneys in fact had the primary motive to weaken the opponent rather than to prevail in the dispute. That is indeed a heavy burden which Plaintiff here has not met.

■ But the objective bad faith standard has been met in the motion filed against defense counsel Shifflett. His objections to the foundation of the exhibits in question were not grounded in fact and were not made in good faith. He knew all along that the documents were copies of authentic documents of his client but simply forced Plaintiff to prove it by a cumbersome and lengthy prove up. He falsely represented to the Court all the while that he did not know whether the documents were authentic or not. His objections to authenticity of the exhibits was indeed frivolous.

In short, Mr. Shifflett's conduct unnecessarily lengthened the trial and under the circumstances was certainly vexatious within the meaning of 28 U.S.C. § 1927, being the product of objective bad faith. He misrepresented to the Court that he did not really know if the documents were authentic, and pressed that position until those documents were admitted and he then produced the originals from his office. He thereby breached the bounds of propriety. The sanction of $813.40 to be imposed on him is richly deserved.

■ Mr. Aimen's unjustified, unexcused, and vexatious failures to exchange his exhibits before trial and mark up the deposition transcript during trial warrant sanctions under 28 U.S.C. § 1927 for extending the trial thereby.

He also thereby failed to obey pretrial orders (one before trial for timely exchange of documents, one during trial to mark up the deposition transcript). Rule 16(f) of the Federal Rules of Civil Procedure provides that the Court may require either a party or the attorney representing that party to pay the reasonable expenses incurred for non-compliance with pretrial orders

" ... unless the judge feels that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."

Mr. Aimen has neither justified his omissions nor shown that imposition of sanctions would be unjust. Accordingly, the sanction of $250.00 will be awarded against him under Rule 16(f) F.R.Civ.P. as well as 28 U.S.C. § 1927. Since Defendant Inryco, Inc. is the only defendant that completed the entire defense (the other Defendants being recommended, for dismissal at close of Plaintiff's case), this sanction will run in its favor.

## CONCLUSION

Given the volume of cases assigned to this Court and to most of the other Bankruptcy Judges in this District, a large daily volume of disputes must be resolved, many by trial. Trial time is precious. It is not too much to ask that attorneys help the Court use that time efficiently to resolve the real issues. When attorneys allow their battles with each other to delay and extend the trial through their conduct such as that described hereinabove, it is necessary to impose appropriate sanctions. The sanctions will of course run in favor of the respective client-litigants, and will be paid by the offending attorneys individually. There is no fair reason for either client to bear the expense of their lawyer's conduct.

Separate judgment orders for the two sanctions were accordingly entered October 8, 1986.