In re Susan T. DIRSMITH, Debtor.

Terry B. SMITH, Trustee, Plaintiff,

v.

Susan T. DIRSMITH, Defendant.

Bankruptcy No. 91–12247–8P7.
Adv. No. 91–860.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 15, 1993.

342

Jary C. Nixon, Tampa, FL, for plaintiff.

Lee Ellen Acevedo, Port Richey, FL, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a challenge of Susan T. Dirsmith's (Debtor) right to the general bankruptcy discharge. The Complaint is filed by Terry E. Smith, the Chapter 7 Trustee (Trustee). The Trustee alleges in the first Count of the Complaint that the Debtor transferred within one year of filing the Petition of Relief under Chapter 7 of the Bankruptcy Code certain real property with the intent to hinder, delay or defraud creditors. In the second Count, the Trustee alleges that the Debtor knowingly and fraudulently committed a false oath in connection with the preparation of the Statement of Financial Affairs filed by her with the Petition. Based on the foregoing, the Trustee contends that the Debtor is not entitled to a discharge pursuant to §§ 727(a)(2) and 727(a)(4), respectively, of the Bankruptcy Code. The facts relevant to the issues recited by the Trustee's Complaint as established at the final evidentiary hearing can be summarized as follows:

Prior to the commencement of this Case, the Debtor owned an accounting practice located in Grand Junction, Colorado. On July 31, 1989, Debtor sold her interest in the accounting practice to Dona Garretson (Garretson). The purchase price was based upon the number of current clients Garretson retained after the sale. The Debtor received bi-annual payments from Garretson, based upon the number of current clients, to be applied toward the purchase price, including over $3,500 which was received after the Debtor filed her Petition for Relief under Chapter 7 of the Bankruptcy Code.

In 1990, the Debtor purchased an accounting practice located in Florida from Mr. Franklin Kenny (Kenny) for $117,000, paying Kenny $20,000 cash, and Kenny taking back a promissory note for $97,000. On August 16, 1991, the Debtor incorporated her accounting practice. According to the Debtor, the corporation assumed some of the Debtor's individual debts including $20,000 which the Debtor owed to her parents, and the balance of the note owed to Kenny, now approximately $40,000. Prior to incorporation, the Debtor made payments to Kenny individually. Also, according to the Debtor, she transferred to the corporation the right to receive the bi-annual payments from Garretson arising from the sale of the Colorado accounting practice.

On April 10, 1991, the Debtor acquired real property located in Citrus County from Joseph M. Peck, Jr. (Peck). According to the Debtor, the sole consideration for the property was a note executed by the Debtor in the amount of $41,000 in favor of Peck, although the sale contract reveals a total price of $42,000. On July 21, 1991, the Debtor transferred the same property by way of a quitclaim deed back to Peck. This second transaction also did not involve any exchange of value, and the deed was not recorded by Peck. Thus, on the date of the commencement of this case, the record of title to the property was in the name of the Debtor. According to the Debtor, this transaction was designed merely to conceal Peck's ownership interest in the subject property during a pending divorce proceeding.

On September 25, 1991, the Debtor filed her Petition for Relief under Chapter 7 of the Bankruptcy Code. Along with her Petition for Relief, the Debtor filed her Schedule of Assets and Liabilities and her Statement of Financial Affairs, all of which the Debtor signed under penalty of perjury. In response to question 10 of the Statement of Financial Affairs, which required the Debtor to disclose any transfers of property within one year prior to commencement of a case, she answered "none." In addition, the Schedule of Assets and Liabilities does not reveal the Debtor's right to the bi-annual payments received from Garretson, nor the obligations the Debtor owed to her parents or to Kenny.

Based upon these facts the Trustee's contends that the Debtor is not entitled to a discharge either by virtue of § 727(a)(2) or § 727(a)(4) of the Bankruptcy Code. These

subsections of § 727 provide in pertinent part as follows:

§ 727. Discharge

(a) The court shall grant the debtor a discharge, unless—

. . . . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed destroyed, mutilated or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

. . . . .

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

. . . . .

■ By virtue of F.R.B.P. 4005, the Plaintiff has the burden of proof in an Objection to Discharge. However, it no longer can be gainsaid that a challenge to a debtor's discharge can be sustained by establishing by the mere preponderance of evidence that the debtor is guilty of conduct set forth in any of the subsections of § 727(a). *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Once a party objecting to the discharge has met the initial burden of proving the objection by producing evidence establishing the basis for the objection, the ultimate burden of persuasion is placed on the Debtor. *In re Goblick*, 93 B.R. 771 (Bankr.M.D.Fla. 1988); *In re Chalik*, 748 F.2d 616 (11th Cir.1984). To prevail under § 727(a)(2), the Plaintiff must establish that the Debtor either concealed or transferred property within one year preceding the commencement of the case with the intent to hinder, delay or defraud a creditor. While the intent must be actual intent rather than implied, it is clear that the Court may find actual intent by drawing reasonable inferences from facts established or by circumstantial evidence. *In re Devers*, 759 F.2d 751 (9th Cir.1985).

■ In viewing this record in light of the foregoing principles as they relate to the Trustee's claim based on § 727(a)(2), the most that could be concluded from this record is that the proof presented on the Debtor's intent to hinder, delay or defraud creditors by transferring the real estate to Peck is in equilibrium, i.e., the proof presented is equally consistent with the contentions of the Plaintiff and with the contentions of the Debtor. Therefore, this Court is satisfied that the Plaintiff has not met its burden to this Court, and it is appropriate to find for the Debtor on this claim.

■ This leaves for consideration the alternative ground of § 727(a)(4) relied on by the Trustee in an attempt to block the Debtor's discharge. It is well recognized that a deliberate omission of assets on a debtor's Schedules warrants denial of a debtor's discharge under this Section. *See In re Urban*, 130 B.R. 340 (Bankr.M.D.Fla. 1991). When a Debtor makes numerous omissions in his or her Statement of Financial Affairs and Schedules of Assets and Liabilities, the omissions together may constitute a pattern demonstrating a reckless disregard for the truth. *In re Klausen*, 119 B.R. 851 (Bankr.M.D.Fla.1991). While it is always difficult to prove that a false oath was knowingly made, an inference of such intent can be drawn from circumstances surrounding the Debtor.

■ It is clear that the Debtor omitted from her Statement of Financial Affairs numerous items, including the right to payments from Garretson in connection with the sale of the Colorado accounting practice; the transfer of $40,000 to Kenny in satisfaction of her obligation to him regarding the sale of Mr. Kenny's accounting practice to the Debtor; the obligations due the Debtor's parents; and the real property transferred to her by Peck.

This record reveals a pattern of numerous omissions which warrant the inference of reckless regard for the truth. Therefore, this Court is satisfied from the totali-

ty of the picture that the Debtor intentionally and fraudulently committed a false oath by failing to disclose the information required to be revealed on the Statement of Financial Affairs and the Schedules. In the present instance, the receivables created from the sale of her accounting practice were clearly an asset of the estate. It is without dispute that she received as much as $3,500 post-petition from the purchaser of the accounting practice. This omitted asset is of significant value and it is clearly indicative of the Debtor's willful, knowing failure to disclose the asset. In sum, this Court is satisfied that these omissions were knowing and fraudulent or, at the very least, are so numerous that they constitute a pattern demonstrating reckless disregard for the truth sufficient to warrant a denial of discharge pursuant to § 727(a)(4)(A).

A separate Final Judgment shall be entered in accordance with the foregoing.