In re George Johnathan LAMBERT,
Debtor.

Jerry L. Weese, Plaintiff,

v.

George Johnathan Lambert, Defendant.

Bankruptcy No. 01–61576.
Adversary No. 01–6066.

United States Bankruptcy Court,
W.D. Missouri.

April 4, 2002.

Lawrence E. Ray, St. Robert, MO, for debtor.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

*Pro se* plaintiff Jerry Weese alleges that debtor George Lambert concealed assets and failed to disclose all of his income on his bankruptcy schedules. He, therefore, objects to Lambert's discharge under sections 727(a)(2)(A) and 727(a)(4) of the Bankruptcy Code (the Code). This is a core proceeding under 28 U.S.C. § 157(b)(2)(J) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUES PRESENTED

1. The Code denies a discharge to debtors who intentionally fail to list all of their assets on their bankruptcy schedules. The intent must be actual, not implied. Weese alleges that Lambert owned a 1962 Cadillac Fleetwood on July 25, 2001, the date he filed his Chapter 7 bankruptcy petition, but did not list it on the schedules. Lambert later amended his schedules but still failed to list the Cadillac. He then failed to appear at the trial to refute Weese's allegations. Is the failure to refute the allegations sufficient circumstantial evidence to constitute actual intent to conceal an asset such that Lambert's discharge should be denied?

2. The Code denies a discharge to a debtor who files false schedules. Lambert failed to list income from a part-time business operation on his original bankruptcy schedules. He admitted that he had additional income at the section 341 meeting of creditors. He, therefore, amended the schedules and declared that his part-time business income was $95.00 per month. There is no disclosure of this in either the original or amended Statement of Financial Affairs. Weese offered evidence that

Lambert received $10,100 pre-petition from his part-time business. Does the failure to accurately amend the schedules constitute filing false schedules?

## DECISION

1. The burden was on Weese to establish the fact that Lambert owned the car on the petition date, and that he did not list it on his schedules. Weese admitted into evidence a certificate of title that proved Lambert bought the car on September 5, 2000. He called a witness who testified that she saw Lambert driving the car in December of 2001. Lambert did not appear to refute any of the allegations, so I must find that he owned the car at the time he filed his petition. Once it is established that he failed to list the asset, the burden shifts to the debtor to prove that his failure to do so was not an intentional concealment. Since Lambert failed to appear at trial to explain the basis for his failure to list the asset, I will find that he intentionally concealed his ownership of the asset.

2. Weese admitted into evidence four checks, written between December 30, 2000, and January 26, 2001, that were made payable to and endorsed by Lambert and total $10,100.00 in amount. Weese also admitted into evidence his Internal Revenue Forms 1099 and 1096 reflecting payments to Lambert in the amount of $8,600.00 for the year 2001. Lambert amended his schedules to indicate that he had miscellaneous income in the amount of $95.00 per month. Lambert did not appear to explain the discrepancy between his schedules, the checks, and the Form 1099 and Form 1096. I will, therefore, find that he filed false schedules with the Court, and I will deny his discharge.

## FACTUAL BACKGROUND

Between December 29, 2000, and January 25, 2001, Weese hired Lambert to perform various construction jobs at property owned by Weese. Weese paid Lambert a total of $10,100. Weese was not satisfied with the work performed by Lambert and obtained a judgment in small claims court for the sum of $4,100.00. On July 25, 2001, Lambert filed a Chapter 7 bankruptcy petition. On his schedules Lambert listed his occupation as a soldier in the United States Army and his salary from that position as his only source of income. He also listed a 1955 Cadillac on his schedules, but not a 1962 Cadillac Fleetwood. On September 13, 2001, Weese appeared at Lambert's 341 meeting and asked him about the income from his construction work. Weese stated that he also informed the trustee at that time that Lambert owned a 1962 Cadillac. On September 17, 2001, Lambert amended his schedules to add other creditors and to show additional income in the amount of $95.00 from his work as a part-time maintenance man. He did not, however, list the 1962 Cadillac Fleetwood as an asset on Schedule B.

Weese, acting *pro se*, filed a Complaint objecting to Lambert's discharge. He later amended the Complaint in light of Lambert's motion to dismiss. Weese alleges, among other things, that Lambert failed to list all of his personal property and disclose all of his income on his bankruptcy schedules.

This Court scheduled a trial for March 25, 2001. On March 20, 2001, both Weese and counsel for Lambert appeared by telephone at the pre-trial conference. At that time Weese indicated that he would admit into evidence certain documents, including contracts to demonstrate that Lambert did not list all of his income, a copy of the certificate of title as to a car Lambert failed to disclose, and information regarding the value of the car. Weese also in-

formed the Court that he would call one witness to testify regarding a conversation she had with Lambert. This Court held the trial on March 25, 2001, as scheduled. Weese appeared *pro se*. Counsel for Lambert appeared, but not Lambert.

## DISCUSSION

At the hearing Counsel for Lambert objected to any exhibits being admitted during the hearing because Weese failed to submit his witness and exhibit lists three days before the scheduled hearing as required by Rule 7016–1(D) of the Local Rules of Practice for the United States Bankruptcy Court, Western District of Missouri (the Local Rules). As announced at the trial, I overrule that objection. Local Rule 7016–1(D) states that "[t]hree days before trial, or as set out in a pretrial order, parties shall mark and exchange all exhibits which may be offered, and file and serve the exhibit and witness lists."[1] Nonetheless, I stated that I would allow this *pro se* plaintiff to admit certain documents provided he was able to lay a proper foundation. I further found that Weese's failure to exchange exhibit lists and witness lists was neither unjustified nor vexatious,[2] given that Weese informed both the Court and counsel for Lambert of the documents at the pre-trial conference held five days before the trial. Counsel for Lambert was aware of the documents and their contents, thus, he should not have been surprised or unprepared. Weese also indicated at the pre-trial conference that he would call one witness named Candy Reece, even though he did not submit a witness list prior to the hearing. Again, Lambert was not prejudiced by the testimony of Ms. Reece, as his counsel knew five days in advance what she purportedly would say.

■■■ At the hearing, Weese introduced a certified copy of an application for a Missouri title and license.[3] The application identifies George J. Lambert as the purchaser of a 1962 Cadillac, the purchase date as September 5, 2000, and the VIN as 62M 114648.[4] Weese then called Candy Reece who testified that she knew Lambert, and had seen him driving a 1962 tan Cadillac in December of 2001. If Lambert owned the Cadillac on July 25, 2001, he failed to list it on his bankruptcy schedules. The Code denies a discharge to a debtor who intentionally conceals assets from the bankruptcy trustee:

(a) The court shall grant the debtor a discharge, unless—

. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an office of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed—

(A) property of the debtor, within one year before the date of filing of the petition.[5]

In the Eighth Circuit, once a plaintiff makes an allegation that a debtor concealed assets, and, thus, should be denied a

---

1. Local Rule 7016–1(D).

2. *See Interstate Steel Setters, Inc. v. A.J. Maggio Company (In re Interstate Steel Setters, Inc.)*, 65 B.R. 312, 316 (Bankr.N.D.Ill.1986) (where the court sanctioned a party for failing to disclose original documents that he possessed until during the trial. The court found

such behavior to be vexatious because it unnecessarily extended the length of the trial).

3. Pl.Ex. # 2.

4. *Id.*

5. 11 U.S.C. § 727(a)(A).

discharge, the plaintiff has the burden of proving to the Court that there are reasonable grounds to believe that the debtor did, in fact, conceal assets.[6] In this case, Weese proved that Lambert owned a 1962 Cadillac on September 5, 2000, ten months before he filed his bankruptcy petition. Weese then called a witness to testify that she personally observed Lambert driving such a car post-petition. These facts are sufficient for the Court to draw an inference that Lambert owned the car when he filed his petition, despite the fact that he did not list it as an asset. Once Weese sustained his burden by presenting facts that would allow the Court to make the natural inference that Lambert concealed assets, the burden shifted to Lambert to prove that he did not.[7] Lambert did not even appear at the trial, let alone explain why he did not list the 1962 Cadillac on his schedules. The Court has no choice, therefore, but to find that Lambert concealed his ownership of the 1962 Cadillac from his creditors and the Chapter 7 trustee. But, the Code requires that the concealment be intentional. Intent may be proved, however, by circumstantial evidence or by inferences drawn from a course of conduct.[8] Here, Lambert purchased a car pre-petition, he did not list it on his schedules, he did not report ever selling the car, and a witness saw him driving the car post-petition. Since Lambert did not offer any evidence to dispute any of the above facts, I will find that he intentionally concealed the asset.

■■ Weese also offered evidence that Lambert's schedules do not accurately reflect his income. All bankruptcy schedules must be signed under oath. The Code denies a debtor a discharge if he knowingly or fraudulently signs schedules that are inaccurate:

(a) the court shall grant the debtor a discharge, unless—

. . .

■■ (4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account.[9]

Once again the burden is on the plaintiff to prove that the schedules are inaccurate.[10] In this case Weese introduced four checks endorsed by Lambert and deposited in his checking account in 2001.[11] The four checks total $10,100. Weese testified that the checks represented payments he made to Lambert in late 2000 and early 2001 for construction work. He also testified that Lambert is a carpenter who supplements his income from the Army by doing various construction projects for others. Weese then introduced a part of his own income tax return for 2001. Form 1096 is also known as the Annual Summary and Transmittal of U.S. Information and Return. Weese's Form 1096 indicates that he paid out the sum of $8,600.00 in 2001.[12]

---

**6.** *Shainman v. Shear's of Affton, Inc.,* 387 F.2d 33, 37 (8th Cir.1967); *Diamond Bank v. Carter (In re Carter),* 203 B.R. 697, 706 (Bankr.W.D.Mo.1996).

**7.** *Shear's of Affton, Inc.,* 387 F.2d at 37.

**8.** *Camacho v. Martin (In re Martin),* 88 B.R. 319, 322 (D.Colo.1988); *Carter,* 203 B.R. at 706.

**9.** 11 U.S.C. § 727(a)(4)(A).

**10.** *Smith v. Dirsmith (In re Dirsmith),* 152 B.R. 341, 344 (Bankr.M.D.Fla.1993).

**11.** Pl.Ex. ## 8(A), 9(A), 10(A), and 11(A).

**12.** Pl.Ex. # 12. I note that Weese executed the first check to Lambert, in the amount of $1,500.00, on December 30, 2000, even though Lambert did not deposit the check until 2001. Pl.Ex. # 8.

**468**

Weese's Form 1099 is for Miscellaneous Income. That Form indicates that Weese paid to Lambert the sum of $8,600.00 in 2001.[13] Weese testified that he questioned Lambert about his supplemental income at the section 341 meeting of creditors, and Lambert admitted that he made additional income as a carpenter. Lambert then amended his schedules to show income from part-time maintenance work in the amount of $95.00 per month. But the evidence at trial suggests that Lambert made far more than $95.00 per month from his part-time labors. And, once again, Lambert did not testify or offer any evidence to refute the evidence submitted by Weese. In *Miller v. Boles (In re Boles)*,[14] this court held that the intentional omission of income totaling roughly $1,200.00 per month constituted a false oath under section 727(a)(4)(A).[15] In this case, based upon the checks negotiated by Weese, it appears that Lambert earned an additional $8,600.00 in January of 2001 from Weese alone. Even if he had no other jobs for the remaining 11 months, his schedules should have reflected income from his part-time endeavors in excess of $95.00 per month. The deliberate omission of income from a debtor's schedules is grounds to deny that debtor a discharge.[16] And, since the debtor's state of mind at the time he signs his schedules is rarely known conclusively, courts must can look to circumstantial evidence to infer whether the omissions were deliberate.[17] Here, Lambert did amend his schedules to show additional income. The evidence, however, is that he did not accurately amend the schedules. I, therefore, find that Lambert made a false oath when he first filed this Chapter 7 case and when he amended his schedules

on September 17, 2001. Based upon the evidence that Lambert concealed a car and failed to accurately reflect his income, and based upon the fact that Lambert did not appear to refute any of that evidence, I will deny Lambert's discharge.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

**13.** Pl.Ex. # 13.

**14.** 150 B.R. 733 (Bankr.W.D.Mo.1993).

**15.** *Id.* at 736.

**16.** *Smith v. Dirsmith (In re Dirsmith)*, 152 B.R. 341, 344 (Bankr.M.D.Fla.1993).

