**In re Mumtaz HUSSAIN, Debtor.**

**163rd STREET & JAMAICA AVENUE MANAGEMENT CO., LTD., Plaintiff,**

v.

**Mumtaz HUSSAIN, Defendant.**

**Bankruptcy No. 183–32419–260.**
**Adv. No. 184–0205.**

United States Bankruptcy Court,
E.D. New York.

Oct. 31, 1985.

Doyaga & Scorcia, Brooklyn, N.Y., for creditor 163rd Street & Jamaica Ave. Management Co., Ltd.

Grutman, Miller, Greenspoon, Hendler & Levin, New York City, for debtor.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is a motion brought by Mumtaz Hussain (the "debtor") to dismiss an adversary proceeding commenced by 163rd Street Management Co., Ltd., (the "creditor") seeking to bar his discharge pursuant to Section 727(a) and to declare a debt nondischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code. The creditor made a cross-motion seeking leave to file an amended complaint under Bankruptcy Rule 7015.[1]

The debtor's motion to dismiss the adversary proceeding is denied. The creditor's motion for leave to amend the complaint is granted. The amended complaint shall relate back to the date of the original complaint.

## FACTS

On December 27, 1983, the debtor filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. On Schedule A–3 of his petition he listed a total of $129,800 in unsecured, non-priority claims, including $90,000 owed to the creditor.

A notice scheduling a Section 341 meeting for January 25, 1984 was sent to all listed creditors. The notice also fixed March 26, 1984 as the last day for filing objections to the debtor's discharge and to the dischargeability of a debt. The creditor never received the notice inasmuch as it was omitted from the list of creditors filed with the court. As a result, the creditor did not appear at the Section 341 meeting, nor did it file an objection to the dischargeability of its debt or to the debtor's discharge.

The Section 341 meeting was closed. After the creditor learned of the pending bankruptcy case, upon its application, this court ordered a reopening of the Section 341 meeting and also extended the last day to file objections to discharge and dischargeability.

The creditor commenced the instant adversary proceeding within the time prescribed by the court. Its complaint was based on five separate legal theories pursuant to Sections 727(a) and 523(a) of the Bankruptcy Code. It alleged as follows:

"This is the complaint of, plaintiff, 163rd Street & Jamaica Avenue Management Co., Ltd. seeking a determination of:

(1) the dischargeability of defendant/debtor pursuant to 11 U.S.C. Section 727(a) on the grounds that:

(a) the defendant/debtor has concealed and transferred property within one year prior to filing his Petition, and after the filing thereof, with the intent to defraud, hinder and delay his creditors (11 U.S.C. Section 727(a)(2));

(b) the defendant/debtor failed to keep and/or preserve books and records of his business and financial interests, has concealed and destroyed the books and records of his business and financial transactions, has falsified his business and financial books and records (11 U.S.C. Section 727(a)(3) & Section 727(a)(4)(D));

---

1. The Bankruptcy Rules make the Federal Rules of Civil Procedure applicable to bankruptcy cases.

(c) the defendant/debtor has made false statements under oath during his testimony at the creditors' meetings and in his bankruptcy petition, and the schedules and statements of financial affairs attached thereto (11 U.S.C. Section 727(a)(4)(A));

(d) the defendant/debtor has failed to explain the loss of his assets (11 U.S.C. Section 727(a)(5)); and

(2) the dischargeability of the debt owed by defendant/debtor to plaintiff pursuant to 11 U.S.C. Section 523(a)(2)(A) on the basis that the defendant/debtor obtained credit and services by false pretenses, false representations, and actual fraud."

In amplification of the allegations the complaint further set forth various "counts" which are summarized as follows:

(1) the debtor has a proprietary interest in, is a partner in, and is a stockholder in several businesses which he intentionally concealed by not disclosing them in the petition as part of a scheme to defraud creditors;

(2) the debtor within one year of the filing of the petition transferred substantial assets, including shares of stock in various corporations, and other proprietary interests in several businesses to insiders, including his wife and his brother and failed to report the transfers on his petition;

(3) the debtor failed to maintain any books or records regarding his businesses or finances and/or has destroyed, or allowed to be destroyed, books and records of any and all business transactions, profits, losses and gains, although the Statement of Affairs attached to the petition states that such records exist;

(4) the debtor knowingly made false statements at the Section 341 meeting as well as in the petition and accompanying documents filed with this court;

(5) the debtor failed to satisfactorily explain the loss of assets listed in the schedules, and such explanations given for the loss are false; and

(6) the debtor induced the creditor to enter into a lease with it by knowingly making materially false and fraudulent representations upon which the creditor relied.

The debtor filed an answer to the complaint in which he asserted as an affirmative defense that the complaint lacked particularity pursuant to Bankruptcy Rule 7009 and was insufficient under Bankruptcy Rule 7012. He moved to dismiss the complaint. The creditor made a cross-motion for leave to amend the complaint under Bankruptcy Rule 7015.

### ISSUES

A. Did the initial complaint set forth sufficient grounds to constitute a proper complaint for purposes of an adversary proceeding brought to determine whether the debtor's discharge should be barred and whether a debt owed the creditor is nondischargeable?

B. If the original complaint was inadequate, should the creditor's motion to amend it be deemed filed within the time fixed by the court?

### DISCUSSION AND CONCLUSIONS OF LAW

#### A

We find that the original complaint coupled with the explanatory "counts" contained therein provide adequate information to meet the criteria necessary to have it deemed sufficient on its face. Although the original complaint may be lacking in comprehensive information it nevertheless gave the debtor sufficient notice of the charges against him. Thus, the motion to amend it is superfluous, but should be granted in any event so as to provide the debtor with the additional information which it contains regarding the objections. The amended complaint which simply amplifies the original, relates back to the date of the original complaint and is deemed to be timely filed.

"[T]he courts are required to allow amendments freely, and refusal should be

placed on some valid ground ..." 4 *Collier on Bankruptcy*, Paragraph 727.14 at 727–84 (15th ed. 1984). The Federal Rules of Civil Procedure provide that a party may amend his pleading [after a responsive pleading has been served] "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." F.R.C.P. 15(a). Granting leave to amend is in keeping with the general policy of the Federal Rules of Civil Procedure that controversies should be decided on their merits and not on procedural technicalities. *See, Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962). "Whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." F.R.C.P. 15(c).

The debtor maintains that the complaint lacked specificity and merely tracked statutory language. However, the purpose of a complaint is to give fair notice of the claim asserted to enable the adverse party to prepare for trial by showing the type of case being commenced against it. This allows it to adequately prepare a defense to the allegations pleaded in the complaint. 2A *Moore's Federal Practice*, Paragraph 8.13 at 8–103 (2nd ed. 1985).

The creditor's original complaint, although imperfectly drawn, did discuss allegations, which if proved, would entitle the creditor to the relief requested. The counts, summarized above, explained the allegations. It is clear that the complaint provided the debtor with notice of the claims against him.

The amended complaint enhanced the allegations raised in the original complaint. It sets forth in great detail substantial information including names of the parties involved, dates of the alleged transactions, the nature of the assets involved therein, and the debtor's interest in the same. It further sets forth the actual statements made by the debtor in the schedules and Statement of Affairs as well as at the § 341 meetings.

In addition, with respect to the allegations in support of the objection to the dischargeability of the debt under § 523, the amended complaint sets forth in detail and elaborates upon the alleged material misrepresentations relating to the lease referred to in the original complaint.

Courts faced with situations similar to the one at bar have either permitted amendments of the pleadings or suggested it as an alternative to dismissal. *See, In re McGuff*, 3 B.R. 66 (Bkrtcy.S.D.Cal.1980) (complaint contained exact words of statute; request for leave to amend granted, amended complaint relates back to date of complaint). *See also, In re Klein*, 31 B.R. 947, 951 (Bkrtcy.E.D.N.Y.1983) ("A litigant ought not be denied his day in court merely on the ground that the complaint was inartfully drawn.") *Cf. In re Hart*, 461 F.Supp. 328 (E.D.Ark.1978) (pleading in the words of the statute may be amended by leave of the court; since no motion to amend was made, the complaint was dismissed).

We find that the original complaint was sufficient and that the amended complaint merely clarifies and amplifies it.

### B

We further find that the amended complaint relates back to the date of the original complaint. The test of relation back is:

> [W]hether the original complaint puts the defendant on notice of the general wrong or conduct to which the amendment pertains. The inquiry should focus on the notice given by the general fact situation as set forth in the original pleadings. (Citations omitted).

*In re Klein, supra* 31 B.R. at 950.

The complaint as noted above informed the debtor of the facts upon which the creditor was relying for relief, so that the debtor could frame a responsive pleading and prepare for trial. The creditor's failure to allege specific conduct does not prevent relation back of the amendment where the defendant is given adequate no-

tice of the general claims against him. *Id.* at 951.

The first four allegations in the original complaint together with the counts enhancing them placed the debtor on notice of the creditor's objections to discharge. As to those allegations, there exists a nexus between the original complaint and the amended complaint. Relation back is proper as to them.

■ The remaining allegation and count concern nondischargeability of the debt owed the creditor based on alleged false misrepresentation resulting in the issuance of a lease to the debtor by the creditor. Fraud should usually be pleaded with particularity. F.R.C.P. 9. "In a bankruptcy context though, great liberality is afforded in the pleading of fraud." *In re McGuff, supra. See also In re O.P.M. Leasing Service, Inc.,* 32 B.R. 199, 203 (Bkrtcy.S.D. N.Y.1983).[2] Although the allegations of the original complaint failed to set forth sufficient notice of the nature of the fraud, the information contained in the accompanying "count" was specific in the area affected, that is, the alleged inducement to enter into a lease by reason of alleged false and fraudulent representations upon which the creditor relied. The amended complaint, having set forth in greater detail all of the facts in support thereof justifies that it be related back to the original complaint.

■ In summary, since the debtor had adequate notice of the charges asserted against him, he would not be prejudiced by granting the amendment. The creditor's motion for leave to amend the complaint is granted. The amendment will relate back to the date of the original complaint and it is deemed to be timely filed. The parties

are directed to communicate with this court and arrange for a trial date.

SO ORDERED.

ing was held, and that the creditor believed the debtor had committed fraud. The court held that the complaint, "fail[ed] to express the supporting circumstances with particularity, and thus runs afoul of Rule 9(b). For such a glaring defect, dismissal is the proper sanction ..." *Grossman* at 320.

---

**2.** We are not unaware of a recent decision, *In re Grossman,* 46 B.R. 319 (Bkrtcy.E.D.Pa.1985) in which a complaint which failed to allege fraud with sufficient particularity was dismissed. However, the complaint in that proceeding is clearly distinguished from the instant complaint.

That complaint merely stated the names of the parties, the date on which the § 341(a) meet-