**In re Douglas R. LEGGE, Debtor.**

**PEOPLES SAVINGS & LOAN COMPANY, Plaintiff,**

v.

**Douglas R. LEGGE, Defendant.**

**Bankruptcy No. 2–90–06268.**
**Adv. No. 2–91–0095.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Dec. 3, 1991.

Steven R. Fansler, West Liberty, Ohio, for plaintiff.

Darrell L. Heckman, Urbana, Ohio, for defendant.

**ORDER ON MOTION TO DISMISS**

DONALD E. CALHOUN, Jr.,
Bankruptcy Judge.

This matter is before the Court upon Debtor's Motion to Dismiss Adversarial Complaint for Failure to State a Claim Upon Which Relief Can Be Granted filed by Douglas R. Legge ("Defendant"). No responsive pleading has been filed by Peoples Savings & Loan Company ("Plaintiff").

The Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

I. *Findings of Fact*

The Defendant filed a Chapter 7 petition on September 20, 1990. On or about September 26, 1990, the Bankruptcy Clerk's Office issued and sent to the creditors listed in Defendant's Schedules an Order for Meeting of Creditors, Combined With Notice Thereof and of Automatic Stay ("Order"). The Plaintiff is listed in A–3 of Defendant's Schedules as having an ad-

dress of 115 North Detroit Street, West Liberty, Ohio 43357.

Paragraph 6 of the Order provides:

The last day to file a complaint objecting to discharge pursuant to 11 U.S.C. sec. 727(c)(1) or to dischargeability of a debt pursuant to 11 U.S.C. sec. 523(c) is December 28, 1990. See Bankruptcy Rule 4004(c) [sic] and 4007(c).

On November 21, 1990, Plaintiff filed an Objection to Discharge in the Defendant's Chapter 7 case. The Court denied the Defendant's Objection, by order entered December 17, 1990, on the grounds that a proceeding to object to discharge must be requested via an adversary proceeding commenced upon a complaint with summons and the proper filing fee pursuant to Bankruptcy Rule 7001.

On March 14, 1991, Plaintiff instituted an adversary proceeding challenging the Defendant's good faith and objecting to the granting of a discharge. On June 7, 1991, Defendant filed Debtor's Motion to Dismiss Adversarial Complaint for Failure to State a Claim Upon Which Relief Can Be Granted. The basis for Defendant's Motion to Dismiss was the untimely filing of the Plaintiff's Complaint, being some seventy-five days after the bar date for filing such actions. The Plaintiff did not file any pleading in opposition to the Defendant's Motion to Dismiss.

II. *Conclusions of Law*

Bankruptcy Rule 4004(a) provides in pertinent part:

In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)....

The first meeting of creditors in this case was scheduled for October 29, 1990. Therefore, the December 28, 1990 bar date

set forth in the Order was calculated pursuant to Rule 4004(a).

■ As this time constraint for filing complaints challenging discharge is expressly provided for by Rule, receipt of the Order by the Creditor is not necessary to advise the Creditor of the bar date imposed by the Rule. The Creditor is certainly capable of counting 60 days from the scheduled meeting of creditors. Actual notice of the bankruptcy filing is clearly sufficient.[1] *Matter of Sam*, 894 F.2d 778, 781 (5th Cir.1990) and *In re Green*, 876 F.2d 854, 856–57 (10th Cir.1989) (Both cases analyzing the application of the similar 60–day period imposed by Bankruptcy Rule 4007(c)).

The statutory basis for the Plaintiff's Complaint is unclear from the pleading, as no Code provisions are referenced. However, the pretrial statement filed by the Plaintiff indicates that its Complaint is predicated on 11 U.S.C. § 727. Therefore, the 60–day period set forth in Rule 4004(a) is applicable.

■ The 60–day filing period imposed by Bankruptcy Rule 4004(a) is strictly enforced, unless an extension of time to object is obtained. *In re Couch*, 43 B.R. 56, 58 (Bankr.E.D.Ark.W.D.1984); *In re Butler*, 94 B.R. 433, 437 (Bankr.N.D.Tex.1989); *In re Treister*, 38 B.R. 228, 330 (Bankr. S.D.N.Y.1984); and *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Tatum (In re Tatum)*, 60 B.R. 335, 337 (Bankr.D.Colo. 1986). The extension must be obtained by motion made before the expiration of the bar date. Bankruptcy Rule 4004(b). *See also In re Floyd*, 37 B.R. 890, 892 (Bankr. N.D.Tex.1984).

The last date for filing a complaint challenging dischargeability, such as that filed by the Plaintiff, was December 28, 1990. This date is 60 days following the scheduled meeting of creditors in this case, as required by Bankruptcy Rule 4004(a).

---

1. When a creditor is aware of the pendency of bankruptcy proceedings, the imposition of a duty on the part of the creditor to make any inquiry to determine the date of the first meeting of creditors, and to consult Bankruptcy Rule 4007(c) and calculate the bar date (sixty days after the date set for the initial creditors' meeting) is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases. *Matter of Sam*, 894 F.2d 778, 781 (5th Cir.1990).

There was no motion for extension of the bar date filed by the Plaintiff. The Defendant's Complaint was filed March 14, 1991, over two months past the December 28, 1990 deadline. Given the untimely filing of Plaintiff's Complaint, the Motion to Dismiss filed by the Defendant must be granted and the Plaintiff's Complaint will be dismissed. It is therefore

ORDERED that the Debtor's Motion to Dismiss Adversarial Complaint for Failure to State a Claim Upon Which Relief Can Be Granted filed by Defendant Douglas R. Legge is hereby granted and the Adversarial Complaint filed by Plaintiff Peoples Savings & Loan Company is hereby dismissed.

IT IS SO ORDERED.