In re Joseph F. PEREZ.

FLEXI–VAN LEASING, INC., Plaintiff,

v.

Joseph F. PEREZ, Defendant.

Bankruptcy No. 192–17651–260.
Adv. No. 192–1685.

United States Bankruptcy Court,
E.D. New York.

Oct. 26, 1994.

Kurtzman Haspel & Stein, Spring Valley, NY, for defendant/debtor.

Flicker & Associates, New York City, for plaintiff.

## DECISION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

CONRAD B. DUBERSTEIN, Chief Judge.

This is an adversary proceeding in which Plaintiff, Flexi–Van Leasing, Inc. ("Flexi–Van" or "Plaintiff") seeks to have its debts owed by the Defendant, Joseph F. Perez, the Debtor herein ("Perez" or the "Debtor"), deemed nondischargeable pursuant to Bankruptcy Code sections[1] 523(a)(2)(A), 523(a)(4) and 523(a)(6) or, to have the Debtor's discharge denied pursuant to Bankruptcy Code sections 727(a)(2)(A) and 727(a)(4).[2]

---

[1] All sections refer to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, unless the context otherwise indicates.

[2] The foregoing sections provide, in pertinent part, as follows:

Section 523(a)(2)(A): "A discharge under section 727 ... does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...."

Section 523(a)(4): "A discharge under section 727 ... does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...."

This matter comes before the Court on the motion of the Debtor who moves to dismiss Flexi–Van's Second Amended Complaint pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 9(b), 12(b)(6) and 12(h)(2), made applicable to bankruptcy proceedings pursuant to Federal Rules of Bankruptcy Procedure ("Rules") 7009 and 7012, upon the grounds that Flexi–Van's claims for relief under sections 523(a)(2)(A), 523(a)(4), 523(a)(6) and 727(a)(4)(A) are time-barred pursuant to Rules 4004 and 4007 or, in the alternative, that such claims fail to state a cause of action upon which relief can be granted; that Flexi–Van has failed to plead fraud with specificity; and that with respect to its claim under section 727(a)(2), Flexi–Van has failed to state a cause of action upon which relief can be granted.

In opposition to the Debtor's motion to dismiss, Flexi–Van alleges that its claims are timely inasmuch as they relate back to the same conduct or transaction alleged in the original Complaint; that its Second Amended Complaint satisfies all requirements for pleading fraud; and that the allegations set forth in its Second Amended Complaint plead the necessary elements of Flexi–Van's claims pursuant to all of the foregoing sections.

For the reasons hereinafter set forth, the Debtor's motion to dismiss the Second Amended Complaint is granted with respect to Flexi–Van's claims arising under section 523(a)(2)(A), 523(a)(4), 523(a)(6) and 727(a)(2)(A) and denied with respect to Flexi–Van's claim arising under section 727(a)(4)(A).

---

Section 523(a)(6): "A discharge under section 727 ... does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity...."

Section 727(a)(2)(A): "The court shall grant the debtor a discharge, unless the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the filing of the petition...."

Section 727(a)(4)(A): "The court shall grant the debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account...."

## FACTS

The factual background of this adversary proceeding is set forth at length in this Court's Decision on the Debtor's prior motion to dismiss Flexi–Van's Amended Complaint, *Flexi–Van Leasing, Inc. v. Perez* (*In re Perez*), 155 B.R. 844 (Bankr.E.D.N.Y. 1993). However, for the sake of clarifying the procedural and factual history, the salient facts are repeated herein.

On December 19, 1989, Flexi–Van commenced an action in the United States District Court for the Eastern District of New York, against Joseph Vinal Ship Maintenance, Inc. ("Vinal"). In that complaint, Flexi–Van sought damages and costs incurred in recovering property allegedly wrongfully converted by Vinal.

On April 5, 1990, Vinal executed a promissory note in favor of Flexi–Van in which Vinal promised to pay Flexi–Van $375,612 to discontinue the aforesaid district court action, as well as to resolve other outstanding debts owed by Vinal to Flexi–Van. As part of that transaction, the Debtor, as president of Vinal, executed a personal guarantee thereby unconditionally guaranteeing all the debts and obligations incurred by Vinal then existing or thereafter arising by reason of the promissory note.

In conjunction with the execution of the promissory note, Flexi–Van and Vinal entered into a consent order/confession of judgment which provided for the following: (i) the parties agreed to discontinue the pending civil action; (ii) Vinal agreed to tender payments to Flexi–Van in accordance with the promissory note; (iii) in the event Vinal defaulted in its payments under the promissory note, Flexi–Van would receive an entry of judgment against Vinal for, amongst other things, the amount of the outstanding balance of the note. On May 1, 1990, Vinal breached the promissory note and failed to cure its default after Flexi–Van provided it

with proper notice. On May 17, 1990, upon Flexi–Van's application, an Order of Judgment was entered by the district court against Vinal in the amount of $432,734.40.

Thereafter, in June, 1990, Franco Consulting Enterprises, Inc. ("Franco"), a New York corporation was formed, allegedly by the Debtor who caused all of Franco's stock to be issued and held in the name of his wife. Flexi–Van alleges that the Debtor had, and continues to have, sole and exclusive decision-making authority with respect to the operations of Franco and has contributed significantly to Franco's revenue by selling maritime equipment and soliciting consulting accounts through his numerous maritime industry contacts.

In August, 1992, Flexi–Van commenced an action against the Debtor in the Supreme Court of the State of New York, County of Kings, seeking a judgment on the Debtor's personal guarantee in the amount of $432,-734.40. Oral argument was scheduled to be heard on September 10, 1992; however, one day prior to that hearing date, on September 9, 1992, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code which initiated the case now before this Court.

Flexi–Van commenced the instant adversary proceeding "objecting to the discharge of its claim against [the] debtor" by filing its Complaint with this Court on December 21, 1992. (Complaint at 1; Amended Complaint at 1). On December 29, 1992, Flexi–Van filed its Amended Complaint. Both the original and Amended Complaints were based exclusively upon section 727(a)(2)(A), the subsection dealing generally with the concealment of assets.

In lieu of an answer, on February 8, 1993, the Debtor moved, pursuant to Fed.R.Civ.P. 12(b)(6) [3], to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. By Decision dated July 7,

---

3. Fed.R.Civ.P. 12(b)(6) provides, in pertinent part:

"Every defense ... shall be asserted in the responsive pleadings ... except that the following defenses may ... be made by motion:

(6) failure to state a claim upon which relief can be granted.

If, on a motion asserting the defense numbered (6) ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...."

1993, this Court granted the Debtor's motion to dismiss the Amended Complaint with leave to Flexi–Van to amend. *In re Perez, supra.* This Court concluded, firstly, that, as pleaded, it was "impossible to determine the nature of the relief sought" by Flexi–Van, namely, whether Flexi–Van was objecting to the discharge of its claim under section 523 or rather to the discharge of the Debtor under section 727(a)(2). *In re Perez,* 155 B.R. at 848. Secondly, this Court found that Flexi–Van's "allegations fail[ed] to show a sufficient basis to support a claim based on fraud as required by Fed.R.Civ.P. 9(b)," explaining that "while the complaint '[gave] notice of the type of scheme alleged by plaintiff, it provide[d] no insight into the grounds upon which the claim rests.'" (Citation omitted). *Id.* at 850. Finally, in granting Flexi–Van leave to amend, this Court found that "[s]ince the Debtor will not be unduly prejudiced by an amendment to the complaint, relation back is proper" in accordance with Fed.R.Civ.P. 15(c) made applicable to adversary proceedings by Rule 7015. *Id.* at 850–851.

Thereafter, Flexi–Van filed its Second Amended Complaint adding the following additional claims: that "the debts owed by the Debtor to Flexi–Van are not entitled to discharge pursuant to Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6), and that the Debtor should be denied a discharge pursuant to Bankruptcy Code §§ 727(a)(2)(A) and 727(a)(4)(C) [sic]. . . ." (Second Amended Complaint, ¶ 5). Flexi–Van's specific allegations will be discussed below.

Once again, in lieu of answering, the Debtor moved to dismiss the Second Amended Complaint pursuant to Fed.R.Civ.P. 9(b), 12(b)(6) and 12(h)(2), which motion is now before this Court.

The Debtor bases his motion to dismiss upon the following grounds: (i) that Flexi–Van's claims for relief pursuant to sections 523(a)(2)(A), 523(a)(4), 523(a)(6) and 727(a)(4)(A) are time-barred pursuant to Rules 4004 and 4007[4] or, in the alternative, that such claims fail to state a cause of action upon which relief can be granted; (ii) that Flexi–Van has failed to plead fraud with specificity as required by Fed.R.Civ.P. 9(b); and (iii) that with respect to its claim under section 727(a)(2)(A), Flexi–Van has failed to state a cause of action upon which relief can be granted.

Flexi–Van resists the Debtor's motion setting forth the following arguments in its favor: (i) that its claims pursuant to sections 523(a)(2)(A), 523(a)(4), 523(a)(6) and 727(a)(4)(A) are timely inasmuch as they relate back to the same conduct or transaction alleged in the original complaint, in accordance with Fed.R.Civ.P. 15(c); (ii) that its Second Amended Complaint satisfies all requirements for pleading fraud, in accordance with Fed.R.Civ.P. 9(b); and (iii) that the allegations set forth in its Second Amended Complaint plead the necessary elements of Flexi–Van's claims pursuant to sections 523(a)(2)(A), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(4)(A).

## DISCUSSION

### Failure to Timely Plead Under Rules 4004(a) and 4007(c).

■ The Debtor first contends that Flexi–Van's claims for relief under sections 523(a)(2)(A), 523(a)(4), 523(a)(6) and 727(a)(4)(A) are time barred pursuant to Rules 4007(c) and 4004(a) respectively. Flexi–Van does not dispute the fact that its claims under the foregoing sections were pled after the 60 day period had expired, but asserts that its claims are not untimely because they relate back to the date of its original Complaint.

■ While the time limitations imposed under Rules 4007(c) and 4004(a) are strictly

---

**4.** Rule 4004(a) provides, in pertinent part that "[i]n a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). . . ."

Rule 4007(c) provides, in pertinent part that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). . . ."

enforced,[5] these Rules operate in conjunction with Rule 7015 which provides, in its entirety: "Rule 15 FR Civ P applies in adversary proceedings." Fed.R.Civ.P. 15(c) provides, in pertinent part, as follows:

> (c) Relation Back of Amendments. An Amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . .

■ Thus, if the original pleading adequately identifies the factual circumstances out of which the amended claim arises, the amendment will relate back. *Kelcey v. Tankers Co.*, 217 F.2d 541, 543 (2d Cir.1954); *Holdridge v. Heyer–Schulte Corp.*, 440 F.Supp. 1088, 1093 (N.D.N.Y.1977); *First Federal Savs. Bank of Rogers, Arkansas v. Gunn (In re Gunn )*, 111 B.R. 291, 292 (9th Cir. BAP 1990); *Gelling v. Dean (In re Dean )*, 11 B.R. 542, 545 (9th Cir. BAP 1981), *aff'd* 687 F.2d 307 (9th Cir.1982); *The CIT Group/Factoring Mfrs. Hanover, Inc. v. Srour (In re Srour )*, 138 B.R. 413, 418 (Bankr.S.D.N.Y.1992). However, if an "amendment states an entirely new claim for relief based upon a different set of facts, [it] will not relate back." *Srour*, 138 B.R. at 418 (citing *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir.1985)).

■ The test of relation back was articulated by this Court in *163rd St. & Jamaica Ave. Management Co. v. Hussain (In re Hussain )*, 54 B.R. 755, 758 (Bankr.E.D.N.Y. 1985) as: " '[W]hether the original complaint puts the defendant on notice of the general wrong or conduct to which the amendment pertains. The inquiry should focus on the notice given by the general fact situation as set forth in the original pleadings. (Citations

omitted)' " (quoting *Melohn v. Klein (In re Klein )*, 31 B.R. 947, 950 (Bankr.E.D.N.Y. 1983)).

■ Thus, if the same transaction is the basis of both the claim in the original pleading and the claim asserted in the amended pleading, the defendant has received fair notice that he is being sued for his conduct in that transaction, and the original complaint will be deemed sufficient to give the defendant notice of the later claim asserted in the amendment. *Newman v. Kruszynski (In re Kruszynski)*, 150 B.R. 209, 212 (Bankr. N.D.Ill.1993); *Re/Max Properties, Inc. v. Barnes (In re Barnes )*, 96 B.R. 833 (Bankr. N.D.Ill.1989). Additionally, the court must determine whether a factual nexus exists between the original and amended complaints. *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir.1983), *aff'd*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984).

Because the time for filing objections to discharge has already expired, the primary issue to be decided is whether Flexi–Van's claims under the subject subsections of 523 and 727 set forth in its Second Amended Complaint "relate back" to its original Complaint.

In its original Complaint, Flexi–Van asserted an objection to the "discharge of its claim against [the] debtor." (Complaint at p. 1). However, neither the Complaint nor the Amended Complaint[6] referred to section 523, which excepts from discharge certain debts including those obtained by fraud or for willful and malicious injury, but rather imperfectly demanded "judgment denying the discharge of Flexi–Van's claim against [Debtor]" pursuant to "Section 727(a)(2)" and, alternatively, denying discharge of the Debtor pursuant to section 727(c)(2)[7].

---

5. *See Themy v. Yu (In re Themy )*, 6 F.3d 688 (10th Cir.1993); *Ichinose v. Homer Nat'l Bank (In re Ichinose )*, 946 F.2d 1169 (5th Cir.1991); *Estate of Hanson v. Walgamuth (In re Walgamuth )*, 144 B.R. 465 (Bankr.D.S.D.1992); *Peoples Savings & Loan Co. v. Legge (In re Legge )*, 138 B.R. 188 (Bankr.S.D.Ohio 1991); *In re Barnes*, 114 B.R. 579 (Bankr.S.D.Ill.1990).

6. Flexi–Van filed an Amended Complaint as a matter of right, which revised its original Complaint by alleging at paragraph "18" therein that the Debtor's acts with respect to Franco, and his underestimation of his income on his bankruptcy petition were committed with the intent to defraud his creditors.

7. Indeed, in the Debtor's prior motion seeking to dismiss the Complaint, this Court concluded that it was "impossible to determine the nature of the relief sought by the plaintiff . . . ." *In re Perez*, 155 B.R. at 848.

The factual transactions upon which Flexi–Van based its claims for relief in its original Complaint may be classified as follows: (1) the Debtor unconditionally guaranteed a $375,612 promissory note given by Vinal to Flexi–Van; (2) after Vinal breached the note, Flexi–Van obtained a judgment against Vinal; (3) based upon his personal guarantee, the Debtor is indebted to Flexi–Van in the sum of $432,734.40; (4) the Debtor had "exclusive decision-making authority" with respect to Vinal and caused Vinal to terminate his operations in June 1990; (5) the Debtor incorporated Franco, placing all of its stock in his wife's name with the intent to defraud his creditors; (6) the Debtor underestimated his income in his bankruptcy petition; (7) the Debtor registered and titled an automobile in his brother-in-law's name with the intent to defraud his creditors; (8) the proceeds from the sale of a condominium owned by the Debtor have not been accounted for.

Pursuant to this Court's Order, which, amongst other things, granted Flexi–Van leave to amend its Complaint, Flexi–Van filed its Second Amended Complaint which is the subject of the instant proceeding. The Second Amended Complaint is predicated upon five separate legal theories pursuant to sections 523(a)(2)(A), 523(a)(4), 523(a)(6), 727(a)(2)(A) and 727(a)(4)(A), hereinafter discussed seriatim with respect to Flexi–Van's specific allegations and the issue of relation back.

In connection with Flexi–Van's claims that its debt is nondischargeable, Flexi–Van asserts as the basis for its section 523(a)(2)(A) claim that the Debtor, personally, and as the "alter ego" of Vinal, fraudulently obtained an extension of credit from Flexi–Van by executing the aforesaid promissory note on behalf of Vinal and personally guaranteeing the note when he had no intention of re-paying the note and lacked the funds to do so. (Second Amended Complaint, ¶ 6). The basis for Flexi–Van's section 523(a)(4) claim is that the Debtor "acting through Vinal, fraudulently and wrongfully took and carried away the Flexi–Van property and destroyed all indicia of ownership ... with the intent to convert the ... property to his own use...." (Second Amended Complaint, ¶ 7). And, under section 523(a)(6), Flexi–Van alleges that the Debtor "acting alone and through Vinal, willfully and maliciously injured certain chassis owned by Flexi–Van ... by wrongfully converting the ... property with the intent to deprive Flexi–Van of the property all as a scheme to defraud Flexi–Van." (Second Amended Complaint, ¶ 8).

With respect to its claims that the Debtor's discharge should be denied, Flexi–Van charges that under section 727(a)(4), the omission of the Debtor's "legal, economic and equitable" ownership of Franco; his failure to account for the sale proceeds of a condominium; his underestimation of his employment income; his nondisclosure of the "true ownership" of his automobile; and his false declaration that he was not a shareholder, director, officer or employee of any entity, constitutes filing a false oath warranting a denial of discharge. (Second Amended Complaint, ¶ 10).

Following well-settled case law, this Court must focus on the notice given by the general fact situation set forth in the original Complaint and whether such notice alerted the Debtor of the general wrong or conduct to which this Second Amended Complaint pertains. *In re Hussain,* 54 B.R. at 758; *In re Klein,* 31 B.R. at 950; *In re Barnes,* 96 B.R. at 839. Additionally, this Court must determine whether the condition precedent to relation back is present herein, i.e., whether both the original and Second Amended Complaint arise out of the same factual occurrence. Fed.R.Civ.P. 15(c).

With respect to Flexi–Van's section 523(a)(2)(A) claim, this Court finds that Flexi–Van asserted no facts in its original or Amended Complaints which even remotely suggest that the Debtor engaged in fraud in executing the promissory note on behalf of Vinal and/or in personally guaranteeing such obligation. Flexi–Van merely asserted that the Debtor, on behalf of Vinal, executed a promissory note in favor of Flexi–Van and, as part of that transaction, the Debtor personally guaranteed the note.

Moreover, Flexi–Van's section 523(a)(4) defalcation claim gives no factual basis, is conclusory at best, and it is therefore, impossible to make a determination of whether notice of

such claim was given by the general fact situation set forth in the original pleadings. Further, this Court finds that Flexi–Van's section 523(a)(6) claim of willful and malicious injury to non-specified property by wrongful conversion states an entirely new claim for relief based upon a different set of facts than those alleged in the original and Amended Complaints.

■ As noted by this Court in *In re Hussain*, 54 B.R. at 758–9, "[t]he creditor's failure to allege specific conduct does not prevent relation back of the amendment where the defendant is given adequate notice of the general claims against him." (Citation omitted). Here, however, the original and Amended Complaints did not discuss the foregoing allegations, and presented no facts which either supported or alluded to a claim of fraud in the execution of the note and subsequent guarantee, defalcation and/or injury to property by conversion. The general rule is applicable herein, namely, in the absence of relation back, additional or new grounds of objection may not be added by way of amendment filed after the deadline for filing complaints objecting to discharge has passed. *Chaudhry v. Ksenzowski (In re Ksenzowski)*, 56 B.R. 819, 829 (Bankr. E.D.N.Y.1985); *Maes v. Herrera (In re Herrera)*, 36 B.R. 693, 694 (Bankr.D.Colo. 1984).

An analysis of all of the facts in relation to the instant pleadings leads this Court to the conclusion that with respect to Flexi–Van's claims for nondischargeability of its debt under sections 523(a)(2)(A), 523(a)(4) and 523(a)(6), the Debtor was not put on notice in the original or Amended Complaints of the wrongs or conduct alleged in the Second Amended Complaint and, therefore, such claims do not relate back to the original Complaint, are time-barred pursuant to Rule 4007(c) and, accordingly, are subject to dismissal.

The Debtor also raised the alternative issues of failure to state a claim upon which relief can be granted and failure to plead fraud with particularity. Because the foregoing claims have failed to meet the relation back requirements, they are time-barred under Rule 4007(c) and, thus, these issues are moot.

■ Next, this Court considers whether Flexi–Van's section 727(a)(4)(A) claim objecting to the Debtor's discharge relates back to the original Complaint thereby extricating it from being time barred under Rule 4004(a). In support of its claim that the Debtor "knowingly and fraudulently made a false oath by filing false schedules and making false statements in his petition ..." Flexi–Van asserts the following: that the Debtor failed to disclose his "legal, economic and equitable" ownership of Franco; failed to account for the sale proceeds of a condominium; underestimated his employment income; failed to disclose the "true ownership" of his automobile; and has falsely declared that he was not a shareholder, director, officer or employee of any entity. (Second Amended Complaint, ¶ 10).

The question thus becomes whether the original and Amended Complaints sufficiently notified the Debtor of the wrongs and conduct to which this section 727(a)(4)(A) claim pertains, and whether this claim arose out of the same conduct, transaction or occurrence as set forth in the original and Amended Complaints.

The factual assertions set forth in Flexi–Van's original and Amended Complaints are essentially the same as those pled in its Second Amended Complaint, and are clearly supportive of the section 727(a)(4)(A) claim of filing a false oath, notwithstanding that in its original pleadings Flexi–Van relied upon section 727(a)(2)(A)—concealment of property, rather than section 727(a)(4)(A).

The only apparent difference in the Complaints is that in the original pleadings, Flexi–Van alleges facts surrounding the Debtor's activities with respect to Franco without alleging that he was the owner of such corporation. Conversely, the Second Amended Complaint expressly alleges the presence of legal, economic and equitable ownership. (Second Amended Complaint, ¶ 9). Additionally, the Second Amended Complaint asserts that the Debtor falsely stated in his petition that he was not a shareholder, director or officer of any entity. In viewing the facts in the light most favor-

able to Flexi–Van, however, this assertion may be supported by the allegations in the original pleadings asserting the Debtor's activities and participation in the business operations of Franco. (Amended Complaint, ¶ 13).

Moreover, although it would appear that the filing of a false oath would not arise out of the same transaction or occurrence as the transfer or concealment of property, "[o]mission of property from verified schedules may be both a false oath and a concealment." 4 Collier on Bankruptcy ¶ 727.04 at 727–63 (15th ed. 1994); *Swicegood v. Ginn,* 924 F.2d 230, 232 (11th Cir.1991) *reh'g denied* (1991); *Smith v. Dirsmith (In re Dirsmith),* 152 B.R. 341, 344 (Bankr.M.D.Fla.1993); *Grant v. Peacock (In re Peacock),* 154 B.R. 597, 601 (Bankr.M.D.Fla.1993). *See In re Gugliada,* 20 B.R. 524, 528–29 (Bankr.S.D.N.Y.1982).

Thus, this Court concludes that although founded on a different legal theory, Flexi–Van's section 727(a)(4)(A) claim is rooted in the same transaction, conduct or occurrence set forth in the original and Amended Complaints and, further, that a factual nexus clearly exists between the original pleadings and the Second Amended Complaint with respect to this claim. This Court therefore finds that Flexi–Van's section 727(a)(4)(A) claim relates back to the original Complaint and is not subject to dismissal based upon Rule 4004(a). However, this does not automatically suggest that Flexi–Van's section 727(a)(4)(A) claim stands. This Court must now address that part of the Debtor's motion seeking dismissal of Flexi–Van's section 727(a)(4)(A) claim upon the alternative ground of failure to state a claim upon which relief can be granted addressed.

### *Failure to State a Claim Upon Which Relief Can Be Granted Failure to Plead Fraud With Specificity.*

■ The Debtor contends that pursuant to Fed.R.Civ.P. 12(b)(6), Flexi–Van has failed to assert a legally sufficient claim for relief with respect to its claims under sections 727(a)(4)(A) and 727(a)(2)(A) and, further, has raised the issue that Flexi–Van has failed to plead fraud with the requisite supportive and particularized facts.

■ A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) tests only the legal sufficiency of the complaint and is not designed to assess the factual basis of the claims. *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). The issue involved in such a motion is not whether the claimant is entitled to prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Thus, a motion to dismiss for failure to state a claim may be granted " 'only when it appears with certainty that no set of facts could be proven at trial which would entitle a plaintiff to any relief.' " *Lanmark Group, Inc. v. Rifkin (In re Rifkin),* 142 B.R. 61, 64 (Bankr.E.D.N.Y.1992) (quoting *Hassett v. Ganz (In re O.P.M. Leasing Services, Inc.),* 21 B.R. 986, 991 (Bankr.S.D.N.Y.1982).

■ In appraising the sufficiency of the instant claims, this Court follows the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ In assessing the facts, this Court recognizes that it must view them in the light most favorable to Flexi–Van and accept all pleaded facts as true. Additionally, all reasonable inferences are to be made in favor of the non-moving party. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *Demas v. Demas (In re Demas),* 150 B.R. 323, 327 (Bankr.S.D.N.Y.1993).

In its Second Amended Complaint, Flexi–Van, relying upon section 727(a)(4)(A), alleges that the Debtor should be denied a discharge for making false oaths in connection with his bankruptcy case. In support thereof, and as more fully discussed above, Flexi–Van states that the Debtor willfully and fraudulently omitted from his schedules an automobile as well as proceeds from the sale of real property; that he falsified his salary by understating his income by approximately 42 percent; that he failed to disclose his true

294

ownership of and participation in Franco. (Second Amended Complaint, ¶ 10).

To the extent that the nondischargeability allegations in the Second Amended Complaint are grounded in fraud, they should comply with Fed.R.Civ.P. 9(b) which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

■ Satisfying the pleading requirement of Fed.R.Civ.P. 9(b), requires that the time, place, and nature of the misrepresentation be set forth so that the defendant's intent to defraud is evident in the complaint. *Ross v. Bolton,* 904 F.2d 819, 823 (2d Cir. 1990). Fed.R.Civ.P. 9(b) should, nevertheless, be read broadly in view of Fed.R.Civ.P. 8(a) which requires only a short, plain statement of the claims for relief. *Quaknine v. MacFarlane,* 897 F.2d 75, 79 (2d Cir.1990); *DiVittorio v. Equidyne Extractive Indus.,* 822 F.2d 1242, 1247 (2d Cir.1987).

■ There are three goals which Fed. R.Civ.P. 9(b) seeks to accomplish, namely, (1) to provide a defendant with fair notice of plaintiff's claim to enable preparation of his defense; (2) protect the defendant from harm to his reputation or goodwill; and (3) to reduce the number of strike suits. *Lanmark Group, Inc. v. Rifkin (In re Rifkin),* 142 B.R. 61, 65 (Bankr.E.D.N.Y.1992) (citing *DiVittorio, supra*).

This Court finds that Flexi–Van's section 727(a)(4)(A) adequately charges the Debtor with the proscribed conduct, sufficiently puts the Debtor on notice of the factual bases for such claim, and satisfies Fed.R.Civ.P. 9(b)'s requirement of pleading fraud with particularity by setting forth the time, place and contents of the alleged false representation. Flexi–Van has particularized the content of the alleged fraud by articulating in what manner the Debtor's financial statements are deficient and what material has been withheld. As indicated above, "[o]mission of property from verified schedules" may be considered a false oath. 4 Collier on Bankruptcy, *supra.* Therefore, this Court will not

strike Flexi–Van's section 727(a)(4)(A) claim under Fed.R.Civ.P. 12(b)(6) or 9(b).

■ The final issue to be resolved is whether Flexi–Van has sufficiently alleged that the Debtor be denied a discharge because he has transferred or concealed property pursuant to section 727(a)(2)(A).

In its Amended Complaint, Flexi–Van alleged that the Debtor's "acts of incorporating Franco and placing all of [its] stock in the name of his wife Teresa [was] done with the intent to hinder, delay or defraud his creditors ... by his concealing ... his income that was and is derived from the business operations of Franco...." This Court found, however, that such allegation "simply track[ed] the language of § 727(a)(2)(A) and [was a] mere conclusion [because it] fail[ed] to identify the time or place of the alleged misrepresentations Flexi–Van relied upon." *In re Perez,* 155 B.R. at 850. And, further, that Flexi–Van's "allegations have not been pled with sufficient particularity to 'show a sufficient factual basis to support a claim based on fraud as required by Fed.R.Civ.P. 9(b).'" *Id.*

The Second Amended Complaint attempted to correct the deficiency by alleging as follows:

> The Debtor should be denied a discharge under Bankruptcy Code 727(a)(2)(A) because the Debtor, with the intent to hinder, or to delay or to defraud creditors, including Flexi–Van, now and at all times herein concerned, and as a part of a scheme to conceal his assets and put them beyond the reach of his creditors, has concealed his true legal, economic and equitable ownership of Franco ... by forming Franco in or about June 1990, and causing all of the stock of Franco to be issued and held in the name of his wife ... within one year before the date of the filing of the Debtor's petition herein. Flexi–Van, upon information and belief, alleges that the Debtor was the true legal, economic and equitable owner of all or substantially all of Franco and formed or caused it to be formed.

Second Amended Complaint, ¶ 9.

It is apparent from the face of the pleading that Flexi–Van's section 727(a)(2)(A) claim

presently before this Court does not state with particularity any factual allegations in support of its claim for relief. This Court is mindful of the principles regarding the sufficiency of fraud allegations in bankruptcy proceedings, namely, that "[p]laintiff need only allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud has occurred." *In re Perez*, 155 B.R. at 849 (quoting *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 119 (2d Cir.1982)).

However, Flexi–Van has offered no factual basis that would lead this Court to infer a fraudulent transfer nor is this claim sufficient to apprise the Debtor of any underlying details which would afford the Debtor an opportunity to prepare an answer and defense with respect to the alleged wrongful conduct. This Court agrees with the Debtor's observations in support of his motion to dismiss that there is no allegation that the Debtor transferred any of his property or that Franco was capitalized with the Debtor's assets or, that Franco received assets from Vinal, assuming that assets of Vinal would even be considered to be assets of the Debtor's. There is no statement as to how the formation of Franco relates to an alleged concealment of the Debtor's assets.

Flexi–Van merely alleges that as part of a "scheme to conceal his assets" the Debtor formed Franco and caused its stock to be issued in his wife's name. In support thereof, Flexi–Van alleges "upon information and belief" that the Debtor is the true owner of Franco.

Although this Court follows the exception to the rule that allegations pled under Fed. R.Civ.P. 9(b) may not be based upon information and belief, *Interconnect Telephone Services, Inc. v. Farren (In re Interconnect Telephone Services )*, 54 B.R. 859, 862 (Bankr.S.D.N.Y.1985), namely, that bankruptcy courts generally do not require the rigid standards demanded in non-bankruptcy civil proceedings, *Davidson v. Bank of New England (In re Hollis and Co.)*, 86 B.R. 152, 156 (Bankr.E.D.Ark.1988), nevertheless, a statement of facts is required in connection with matters peculiarly within the adverse party's knowledge. *Craighead v. E.F. Hut-*

*ton & Co.*, 899 F.2d 485, 489 (6th Cir.1990); *In re Interconnect Telephone Services*, 54 B.R. at 862. In conformity with the general principles of affording the defendant notice, this statement of facts is required to enable the defendant to have notice of the claim so that he can prepare a sufficient answer. *In re O.P.M. Leasing Services, Inc.*, 32 B.R. 199, 203 (Bankr.S.D.N.Y.1983). Here, however, Flexi–Van has not articulated a statement of facts indicating the basis for such belief.

This Court finds that with respect to its claim under section 727(a)(2)(A), Flexi–Van has not set forth its allegations with particularity, nor has it pled a particular statement of facts upon which its beliefs are based. Thus, that part of the Debtor's motion to dismiss Flexi–Van's claim under section 727(a)(2)(A) is granted. The Debtor has also raised the issue that Flexi–Van's section 727(a)(2)(A) claim fails to state a claim upon which relief can be granted. Because this claim has been found deficient under Fed. R.Civ.P. 9(b), this issue is moot.

 This Court is mindful of the statutory directive embodied in Fed.R.Civ.P. 15(a) that "leave [to amend] shall be freely given when justice so requires." Nevertheless, this Court grants the Debtor's motion to dismiss Flexi–Van's claims under section 523(a)(2)(A), 523(a)(4), 523(a)(6) and 727(a)(2)(A) with prejudice. Leave to amend the pleadings may be denied for " 'apparent or declared' reasons such as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment....' " *J.D. Marshall Intern. Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir.1991) (quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir.1985)).

This Court concludes that based upon Flexi–Van's "repeated failure to cure deficiencies by amendments previously allowed" any further amendment would be futile and, thus, such leave to amend is hereby denied.

### CONCLUSIONS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(E) as it is a core proceeding concerning an order to turn over property of the estate.

2. The Debtor's motion to dismiss Flexi–Van's Second Amended Complaint pursuant to Fed.R.Bankr.P. 4004, 4007 and 7012 and Fed.R.Civ.P. 12(b)(6) is denied in part and granted in part as follows:

 a. The Debtor's motion to dismiss the Second Amended Complaint is granted, with prejudice, with respect to Flexi–Van's claims arising under section 523(a)(2)(A), 523(a)(4), 523(a)(6) and 727(a)(2)(A);

 b. The Debtor's motion to dismiss to dismiss the Second Amended Complaint is denied with respect to Flexi–Van's claim arising under section 727(a)(4)(A).

3. The parties are directed to go forward with this adversary proceeding to the extent of Flexi–Van's remaining section 727(a)(4)(A) claim for relief.

SUBMIT AN ORDER CONSISTENT WITH THIS OPINION.