In re Ronald Wayne LAZENBY.

**Employers Mutual Casualty Co., Plaintiff,**

v.

**Ronald Wayne Lazenby, Defendant.**

**Bankruptcy No. 98–43346S.
Adversary No. 00–4046.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Oct. 4, 2000.

David Grace, Little Rock, AR, for plaintiff.

Claiborne W. Patty, Jr., North Little Rock, AR, for debtor.

James F. Dowden, Little Rock, AR, Chapter 7 Trustee.

## *ORDER DENYING MOTION TO AMEND*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon plaintiff's Motion for Leave to File Amended Complaint, filed on July 20, 2000, to which the debtor defendant responded on August 4, 2000.

Employers Mutual Casualty Company ("Employers") provided performance bonds for construction projects on behalf of Master Contractors, Inc. The individual debtor, an officer and shareholder of Master Contractors, agreed to indemnify and hold Employers harmless for all losses incurred in connection with the bonds it delivered on behalf of Master Contractors. Upon the filing of the debtor's chapter 7 petition in bankruptcy, Employers timely commenced this adversary proceeding objecting to both the dischargeability of debt and to the debtor's discharge. Two of the four counts object to the debtor's discharge, alleging that the debtor failed to produce books and records from which his financial transactions could be ascertained, 11 U.S.C. § 727(a)(3), and that he failed to account for the loss of assets, 11 U.S.C. § 727(a)(5). In addition, the complaint objects to the dischargeability of debt on the grounds that debtor made false representations on a personal financial statement, 11 U.S.C. § 523(a)(2), and that he breached a fiduciary obligation in transactions involving a trust fund.

After the time for filing the complaint objecting to discharge or dischargeability expired, Employers learned from debtor's former business partner that the debtor had, prior to the filing of his chapter 7 petition, orally expressed an intention to hide assets from his creditors. Based upon this information, Employers filed a motion to amend the complaint to add a cause of action under section 727(a)(4) for making a false oath on three separate occasions: on the schedules, at the section 341(a) meeting, and at a Rule 2004 examination. The debtor resists the motion on the grounds that debtor's statement was merely an excited utterance made some three years before the filing of the petition and, therefore, is not credible evidence of a state of mind to hide assets. The debtor also asserts that Employers had sufficient information to develop this theory in time to make the allegations within the Rule 4004(a) time restraints, and, finally, that he will be prejudiced if the motion is granted.[1]

■ Federal Rule of Bankruptcy Procedure 4004(a) provides that complaints objecting to discharge must be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a) . . . On motion of any party in interest, after hearing on notice,

---

1. Defendant does not disclose how he will be     prejudiced.

the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired." Similarly, Rule 4007(c) provides a time limitation for filing objections to dischargeability. Both of these rules state time limitations that are strictly construed. *In re De la Cruz*, 176 B.R. 19 (9th Cir. BAP 1994). Indeed, the Court's only authority to extend the deadline is that stated in Rules 4004 and 4007.[2]

■ In contrast to these strict and specific time limitations, Rule 15(a), Federal Rules of Civil Procedure,[3] provides that leave of court to amend "shall be freely given when justice so requires" and, in the Eighth Circuit, the rule is a liberal one. *See generally Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir.1989). Rule 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading.

■ The Court is thus obligated to balance the liberality in permitting amendments with the requirement that it strictly construe the time limitations of Rules 4004 and 4007. *See generally KBHS Broadcasting Co. v. Sanders (In re Bozeman)*, 226 B.R. 627 (8th Cir. BAP 1998). Generally, when performing the balancing required by the interplay of these rules, the Courts do not permit amendment of a complaint to add a new theory of objection, be it for discharge or dischargeability. *See, e.g., In re Halberstram*, 219 B.R. 356 (Bankr.E.D.N.Y.1998).

■ In this case, the difficult balancing act is complicated by Employer's argument that, since the discovery of fraud was made in the gap period between the time for filing a complaint objecting to discharge and the time for filing a complaint to revoke a discharge, the amendment should be allowed, citing *In re Stevens*, 107 B.R. 702 (9th Cir. BAP 1989). In *Stevens*, a creditor discovered conduct on the part of the debtor that supported both a complaint objecting to discharge and revocation of the discharge. The difficulty, however, was that the fraud was discovered in the "gap period" between the time for filing a complaint to object to discharge and the time for filing a complaint to revoke the discharge. Filing a complaint objecting to discharge was foreclosed by Rule 4004(a), and a later complaint to revoke the discharge would be foreclosed by the creditor's knowledge of the fraud since it was obtained prior to the entry of the discharge.[4] In order to ensure that the debtor did not enjoy immunity from his bad conduct, the bankruptcy appellate panel held that the creditor would be authorized to file a complaint under section 727(d) before entry of the discharge.[5] *Id.* at 706.

The United States Court of Appeals for the Second Circuit has also addressed this situation, concluding that it was appropriate to permit the filing of a complaint to revoke the debtor's discharge, despite knowledge of the debtor's fraud in the gap period, because Congress could not have intended a statute to punish fraudulent conduct by debtors yet at the same time provide a period of immunity for such debtors. *Citibank, N.A. v. Emery (In re*

---

**2.** Rule 9006, which provides for enlargements of time generally, expressly limits the Court's power to extend the deadline to file discharge and dischargeability complaints. *See* Fed. R. Bankr.Proc. 9006(b)(3); *In re Isaacman*, 26 F.3d 629 (6th Cir.1994); *In re Stratton*, 106 B.R. 188 (Bankr.E.D.Cal.1989).

**3.** Federal Rules of Civil Procedure 15 is applicable to this proceeding pursuant to rule 7015.

**4.** Section 727(d)(1) provides for revocation of a discharge based upon fraud only if the "requesting party did not know of such fraud until after the granting of such discharge."

**5.** Other authority indicates that the cause should be stated under section 727(a), as Employers seeks to do in this case. *See Stodd v. Mufti (In re Mufti)*, 61 B.R. 514, 519 (Bankr. C.D.Cal.1986).

*Emery)*, 132 F.3d 892 (2d Cir.1998). In drawing this conclusion, the Second Circuit not only expressly disregarded the language of the statute, it expressly rejected a decision from this district, *Powell v. First National Bank of Nashville, Arkansas,* 113 B.R. 512 (W.D.Ark.1990)(Arnold, Morris, J.). In analyzing the statute and Rules, and reviewing the case authority in a similar factual situation, the court in *Powell* stated:

> These cases aim at an equitable result by filling up an apparently anomalous lacuna created by the statute and the rule with a judicial amendment of them. Perhaps this is a laudable instinct; certainly it is one uninfected by improper motive. But this court declines to reach a result, however appealing to a sense of fairness, where the commands of Congress and the Supreme Court are plainly and unmistakably to the contrary.... The question is not why Congress and the Supreme Court said what they did; the question is what did they say. In this case, there can be no doubt as to the appropriate answer: Congress and the Supreme Court have not provided for discharges to be avoided in cases like the one presented by these facts.

*Id.* at 513. This court is similarly constrained to follow the language of the statute and does not believe that an amendment to add a cause of action under section 727(a) should be permitted as a matter of course simply because the creditor discovers the fraud, which would be grounds for revocation of the discharge, after expiration of the Rule 4004(a) time period for filing such complaints. Indeed, that judicial rule would thereby override Rule 4004(a) in every circumstance in which the fraud was claimed to have been discovered in the gap period. Congress clearly contemplated that fraud could be discovered after expiration of the time to object to discharge, but did not provide for a creditor's or trustee's right to raise those issues until such time as the discharge had been entered—under section 727(d), governing revocation of discharge.

■ Rather than following such a rule, the Court is obligated to inquire further and perform the analysis and balancing required by Rules 7015 and 4004(a). Rule 15(c) provides that relation back of an amendment may be permitted to the date of the original pleading when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. Thus, if the original complaint identifies the factual circumstances out of which the amended claim arose, the amendment may "relate back," and be deemed to fall within the time strictures of Rule 4004(a). *See In re Perez,* 173 B.R. 284, 290 (Bankr. E.D.N.Y.1994). If, however, the amendment states an entirely new claim based upon a different set of facts, it does not relate back. The general inquiry is whether the defendant is on notice, as stated in the general fact situation set forth in the complaint, he may be held liable for particular conduct. Thus, if a defendant has notice that he is sought to be held liable for particular conduct or under a particular transaction, the plaintiff may later amend the complaint, beyond the time limitation, to add theories of liability, so long as liability is based upon that same conduct or transaction. *Id.*

■ Under the this standard, it is often difficult to amend complaints to add separate theories of liability under section 727(a) because the theories of liability do require separate instances of conduct. This case is an example of such a situation. In this case, the complaint seeks to hold the debtor liable, under section 523(a), for his conduct in handling monies of a corporation of which he was an officer and shareholder. It also seeks to hold him liable under sections 727(a)(3) and (a)(5) for failing to produce his financial records and failing to account for a loss of assets. With regard to section 727(a)(5), the complaint specifically complains of the debtor's failure to explain the loss of one million dollars in contract proceeds, funneled

through his corporation.[6] With regard to section 727(a)(3), the complaint simply indicates the documents were requested but not produced. In contrast, section 727(a)(4), the basis for liability sought to be added by the amendment, involves the debtor's prepetition conduct in allegedly secreting assets from his creditors and failing to disclose them, under oath, not once, but on three separate occasions.[7] Each of these theories of recovery and the facts pleaded in them constitute separate transactions or events. While it is true that this alleged conduct constitutes an egregious violation of the Bankruptcy Code and the debtor's obligations, the Court cannot construe the amendment to "relate back" if it in fact does not do so.

Finally, the Court believes that Employers had sufficient information to formulate a good faith objection to discharge under section 727(a)(4) within the Rule 4004(a) limitations period. The assets alleged to be missing are listed on the debtor's financial statement which was given to Employers in conjunction with the issuance of the bond and indemnification agreement. The debtor is obligated to list all of his assets on his schedules and statement of affairs pursuant to Rule 1007. The fact that the assets—or some formulation of them—were or were not listed on the financial statements existed at the time of the filing of those statements. Thus, Employer's was in possession of both documents for ready comparison at the inception of the case. Indeed, it appeared that Employers questioned the debtor regarding the existence of other assets at the section 341(a) meeting. Since there was an apparent discrepancy between the documents and there was other conduct in other transactions which indicated fraud, Employer. had a basis, at that time, to believe that the debtor had secreted assets. While this may be solely a hindsight analysis, the Court believes that, on balance, the more specific strictures of Rule 4004(a), and the policies embodied in that rule, play a greater role in the determination of whether an amendment should be allowed, and, under the facts of this proceeding, that the statute of limitations must be strictly construed and enforced. Accordingly, the motion to amend will be denied. Accordingly, it is

**ORDERED** that the plaintiff's Motion for Leave to File Amended Complaint, filed on July 20, 2000, is Denied.

**IT IS SO ORDERED.**

---

**6.** The complaint also states very generally that the debtor "failed to explain satisfactorily a loss of assets or deficiency of assets to meet his liabilities."

**7.** In contrast, a cause of action under section 727(a)(4)(A) may relate back to an original cause under section 727(a)(2) governing concealment of property because a transfer or concealment of property may be both a false oath and a concealment. *See In re Perez*, 173 B.R. 284, 293 (Bankr.E.D.N.Y.1994). Thus, while difficult under the statute, it is not impossible for a new theory of liability under section 727 to relate back to a pleaded theory.